MATHEW McENERY, Appellant, v. WILLIAM J. McENERY,.

**Deeds:** PAROL VARIANCE.   A warranty deed, reciting a consideration, and reserving possession and the rents and profits in the grantor' for life, to be applied to his support, and the support of his son, the grantee, and to the payment of a certain sum to each of his. other children, and providing that the amount remaining unpaid to such children, at grantor's death, should be paid by the grantee within twelve years thereafter, and that such sum should be a lien, on the premises conveyed, is complete and unambiguous, and, hence, parol evidence is inadmissible to show a part of such agreement alleged not to have been reduced to writing.

CONTRACTS: *Same.*   A writing, properly signed and dated, whereby a father sells to his son certain personal property that the father

might own at his death, the title to vest in the son at the father's death, is a complete contract, and parol evidence of an additional contract between them as to such property is inadmissible.

*Appeal from Monroe District Court.*—Hon. M. A. Roberts,. Judge.

Wednesday, December 13, 1899.

Action in equity to reform and to cancel a written contract and a deed conveying certain lands, and for an injunction and an accounting. The defendant's motion to strike certain parts of the petition being sustained, and the plaintiff, declining to amend, and electing to stand on his petition, judgment was rendered dismissing the same, and for costs, from which judgment the plaintiff appeals.—*Affirmed.*

*T. M. Stuart* for appellant.

*T. B. Perry* for appellee.

Given, J.—I.   While the motion is addressed to only eighteen of the twenty paragraphs of the petition, it is equivalent to a motion to strike the entire petition, and, as stated by counsel, presents two questions, namely: "The first is, can the plaintiff prove by parol evidence the matter and things alleged in his petition, against the objection that such evidence contradicts, changes, or adds to the terms of the written contract between the parties, as expressed in Exhibit A (being the deed from plaintiff to defendant) ? And, second,. do the matters stated in plaintiff's petition constitute a cause of action, or entitle him to any relief ?"

The petition is quite lengthy, but the material allegations are, in substance, as follows: It shows that the plaintiff was the owner of a two hundred and eighty-acre farm in Monroe county worth eleven thousand dollars, and live stock thereon worth five thousand dollars, and farm implements worth five hundred dollars, and that he resided on this farm for twenty-one years last past.   He was a widower

(his wife having been dead about fifteen years), and had four children, including the defendant, all of whom were married and living by themselves, excepting the defendant, who, with his family, resided with the plaintiff on said farm. The plaintiff, being aged seventy-eight years, and feeble, desiring to provide a pleasant and permanent home for himself on said farm, and to provide for a division of his property at his death among his children, entered into a verbal agreement with the defendant as follows: "First, that petitioner would, in consideration of said sum of $1,800 which he owed the defendant, and in further consideration of the promises and agreements of the said defendant as hereinafter mentioned, convey his said farm to the said defendant on the following terms and conditions, to wit: (1) That the petitioner was to reserve and remain in the possession and exclusive control of his said farm, and the profits and income arising therefrom, so long as he should live, and have the exclusive right to receive and disburse such profits as hereinafter provided. (2) That plaintiff's said stock and farm implements were to be kept and used on said farm and farming business, and that all parts and portions thereof remaining at the time of plaintiff's death should pass to, and become the property of, defendant. (3) That the defendant and his family should live on said farm and keep house for the plaintiff, and cook and wash for him, take care of him in sickness, and do all they reasonably could to render him comfortable. (4) That defendant would, at his own expense, and by his own labor and such other labor as he might furnish, cultivate said farm, and carry on said farming and stock business, keep and feed said stock, and from time to time sell and dispose of portions of the same as directed by the plaintiff. (5) That the profits arising from said farming business, and the income from said farm over and above what might be required for the support and maintenance of the petitioner and defendant and his family, should be paid to the other children of petitioner, until they

should each be paid the sum of two thousand dollars ($2,000), and that the sums thus set aside to each of said children should be made a lien on said farm." Plaintiff alleges that soon thereafter they applied to an attorney to reduce their agreement to writing, and were advised that as part of their agreement related to real estate, and part to personal property, it would be best to have two written instruments; that thereupon plaintiff executed to defendant the deed set out, conveying said farm, with the understanding and agreement that they would at a future time execute a writing, setting forth the other portions of their agreement. The deed set out conveys said lands to the defendant "for the consideration of two thousand dollars ($2,000.00) and natural love and affection." Said deed contains the following: "This conveyance is made subject to the following conditions, stipulations, and reservations, to wit: That I, Mathew McEnery, reserve the right to the possession and control of the said property and of the profits arising therefrom, for and during my natural life; the said profits or income arising from said lands to be applied to my support and maintenance during my natural life, and to the support and maintenance of the said Wm. J. McEnery and his family during my life, and to the payment to my son Michael McEnery, or the heirs of his body, the sum of two thousand dollars, and to my daughter, Ellen Hannan, or the heirs of her body, the sum of two thousand dollars, and to my son Chas. McEnery, or the heirs of his body, the sum of two thousand dollars; the said respective sums of two thousand dollars to be paid as I may direct; and said respective sums, or any part thereof, remaining unpaid at my death to the said children, or heirs of their bodies, as aforesaid, shall be paid within twelve (12) years from date hereof by my son William J. McEnery. Said payments shall be paid in equal parts to each of the parties entitled thereto as aforesaid, and the amounts due each as

aforesaid shall bear six per cent. per annum interest from
and after my death. The said respective sums so remaining unpaid at my death shall be liens upon the real estate
hereinbefore described, until the same are fully paid; and,
when fully paid, the liens hereby made are to be acknowledged satisfied of record."

Plaintiff alleges that the defendant entered upon the
performance of their said contract, and they commenced
living as one family on said farm; that the reducing of the
remainder of said contract to writing was postponed, but
not with any purpose of abandoning or waiving the same.
Plaintiff alleges: That, soon, after he commenced living
with the defendant under said agreement, defendant's
wife came to dislike him, and urged the defendant to get
rid of the plaintiff, and induced defendant to apply to plaintiff to change their agreement so as to require the defendant
to pay plaintiff a certain sum for his maintenance, and urged
plaintiff to find some other home. Plaintiff declined to
make such change, whereupon defendant and his wife conspired to drive the petitioner from his home by ill treatment.
That, before commencing this course of ill treatment, defendant desired that another part of their verbal agreement
should be reduced to writing, and that plaintiff, ignorant
of said purpose to drive him from his home and farm, executed a writing as follows: "For value received, I, Mathew
McEnery, of Monroe county, state of Iowa, do hereby sell
unto my son William J. McEnery, of said county, all the
horses, mares, colts, cattle, hogs, wagons, vehicles of whatever kind, harness, and farming implements that I have and
own at the time of my death; all the right, title, and interest
in and to the same to vest absolutely in my said son from
and after my death. Witness my hand this 31st day of
March, A. D., 1891. Mathew McEnery." Plaintiff alleges
that he executed this instrument with the understanding
that they would at some future time reduce their verbal contract to writing. Plaintiff further alleges that after execut-

ing this instrument the defendant and his wife failed to furnish him sufficient food, and to care for him when sick; that defendant violently assaulted him, and locked him in a room until he suffered with hunger; that, failing by such treatment to drive plaintiff from his home, the defendant, against plaintiff's protest continued to sell and dispose of petitioner's hogs, horses, and cattle on the farm, and the products of the farm, and to appropriate the proceeds to his personal use; that about the first of September, 1897, the defendant abandoned said contract and farm, and removed therefrom, and has since refused to carry out said agreement to cultivate the farm and furnish a living for petitioner. Plaintiff avers that, without his consent, defendant disposed of hogs, cattle, and horses belonging to the plaintiff, and received therefrom about ten thousand dollars, which he appropriated to his own use; that, of the profits of said farm, only three thousand dollars were paid to plaintiff's other children, and that the remaining profits, amounting to about ten thousand dollars were kept and used by the defendant; that, when defendant abandoned said farm, he wrongfully took therefrom horses, cattle, and hogs belonging to plaintiff of the value of about one thousand two hundred dollars, and converted the same to his own use, thus leaving plaintiff without sufficient teams to cultivate the farm or conduct the farming business, and that by reason thereof, and of plaintiff's inability to work the farm, he rented the same for the agreed rent of five hundred and sixty-five dollars per annum; that defendant wrongfully claiming to be the owner of said farm, threatens to interfere with the tenants and to remove the crops, wherefore an injunction was prayed. Plaintiff alleges that, after defendant commenced to appropriate plaintiff's property, he applied to the defendant to cancel said contract, or to have the remainder of their contract reduced to writing, but that defendant refused to, and still refuses to, do so; that petitioner offered, and still offers, to pay defendant said one thousand eight hundred dollars,

but that defendant refuses to make any agreement or settlement with the plaintiff. Plaintiff prays for an accounting and for judgment against defendant, less said one thousand eight hundred dollars; that the written contract between them as to stock and said conveyance be reformed, and the entire contract be established by decree; and that, defendant having by his conduct defeated the object of said contract, the same be canceled and set aside.

II. A number of authorities are cited, but, as we understand counsel, there is no dispute as to the law applicable to this case. Appellee cites the rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," and contends that parol evidence is inadmissible to establish an agreement other than that expressed in such writing, and that therefore appellant does not show a cause of action in his petition. Appellant cites the rules: That "the writing may be read by the light of the surrounding circumstances, in order to more fully understand the meaning and intent of the parties;" that "parol evidence of an agreement serving as a consideration or inducement to a written contract is not objectionable as extending or varying the written instrument;" that "where the law does not require a contract to be in writing, and a part of it is reduced to writing, and a part not, parol evidence is admissible to show the portion which is not reduced to writing;" also, "When a written instrument is incomplete, and couched in terms rendering it obscure and unintelligible, or where, on its face, it does not purport to be an entire contract, but a mere incidental result therefrom, parol evidence not varying or contradicting the writing is admissible to prove so much of the contract as is not ascertainable from the written instrument." He also cites the rule "that, where a deed is executed in pursuance of a previous oral contract, it does not become evidence of such contract, in such sense as to prevent the introduction of parol evidence with reference to the terms of the

contract. It is to be deemed simply evidence of the final consummation of such contract previously made."

We now turn to the deed in question, and read it, not in the light of other alleged agreements, but in the light of the surrounding circumstances, so as to more fully understand the meaning and intention of the parties to the deed. The deed recites as the consideration two thousand dollars and natural love and affection, and, excepting the condition quoted above, is in the form of an ordinary warranty deed. By reciting the conditions, stipulations, and reservations in the deed, it became more than a mere deed of conveyance. It expresses the contract between the parties, and therefore it is more than "simply evidence of the final consummation of such contract previously made." It expressed the contract itself. The matters alleged in the petition, as to the verbal agreement are not as to the consideration for the deed. The deed, as we construe it, is not only complete as a conveyance, but as showing the contract and conditions upon which the conveyance was made. It is not incomplete nor obscure in its terms, but purports to be an entire contract. Therefore evidence of the matters alleged in the petition outside of the written contract is inadmissible, because the same would tend to vary and contradict the writing. The deed being complete, unambiguous, and intelligible, evidence tending to show the agreement as alleged would certainly vary and contradict the writing. Hence parol evidence is inadmissible to show the alleged part of the agreement claimed not to have been reduced to writing.

III. The writing of March 21, 1891, signed by appellant, is also a complete instrument on its face, and does not import that any additional agreement was made with regard to the property therein mentioned. True, it does not recite the considerations, but it is not as to the consideration alone that appellant claims the right to introduce parol proofs. It is said that these two instruments should be constructed as constituting one transaction.

Thus construed, we think they show a complete contract, and are within the rule that parol evidence is inadmissible to vary or contradict them, and that to admit the appellant to prove the allegations of his petition would be to vary and contradict said instruments. Our conclusion is that the decree of the district court is correct, and it is therefore AFFIRMED.

GRANGER, J., not sitting.