ALMA JOHNSON et al., Appellees, v. C. W. LAVENE, Appellant.

**DEEDS:** Construction—**Warranty Deed as Will.** An ordinary war-
1 ranty deed may not, in the absence of fraud or prayer for reformation, be construed as a testamentary disposition of property, and consequently revocable at the pleasure of the grantor.

**DEEDS:** Delivery—Presumption. The recording of a deed generates
2 a presumption of delivery.

**EVIDENCE:** Parol as Affecting Writings—Disputing Consideration.
3 Parol evidence is incompetent to dispute the specific recitals of a deed as to the consideration.

*Appeal from Page District Court.*—GEORGE W. CULLISON, Judge.

APRIL 3, 1923.

REHEARING DENIED SEPTEMBER 28, 1923.

ACTION to quiet title. The opinion states the facts. Decree entered in favor of the plaintiff. Defendant appeals.—*Affirmed.*

*Thornton & Chancellor* and *John J. Hess,* for appellant.

*Tinley, Mitchell, Ross & Mitchell* and *Stephens & Thornell,* for appellees.

DE GRAFF, J.—This is an action to quiet title to certain real estate situate in Page County, Iowa. Plaintiffs are nieces and nephew of the defendant Lavene, and predicate their title on certain deeds to which reference will be made. Defendant claims that the deeds were a mistake and were testamentary in character and so intended. The defendant became the owner of the land in 1876. On January 19, 1917 he executed to one Frank Moland a warranty deed conveying the fee to the land and as recited therein for a consideration of $1.00 and other valuable considerations. It is designated a warranty deed and contains the usual recitals of a warranty deed. It was recorded in the office of the recorder of Page County, May 15, 1917. Moland by warranty deed bearing date January 20, 1917 conveyed the fee to the land to the plaintiffs and the life use of said land to the defendant Lavene. This instrument is designated a warranty deed and contains the usual language of a warranty deed. It was recorded May 15, 1917 in the office of the county recorder.

*1. DEEDS: construction: warranty deed as will.*

It further appears that sometime subsequently to the execution of these deeds the defendant married, and he then sought to have the fee title reconveyed to him, and for this purpose prepared a deed which he requested the plaintiffs to sign. Clarence Johnson and his wife did sign upon the condition that unless the other plaintiffs attached their signatures the deed would have no legal force or effect. The other plaintiffs refused to comply with the request of Lavene. This provoked the instant action. Moland was by the defendant Lavene in an amendment to his cross-petition made a party defendant, and as a result thereof entered his appearance, admitted the allegations of the cross-petition, but disclaimed any interest in the real estate as against the defendant and cross-petitioner Lavene.

The deeds upon which plaintiffs predicate their title are unambiguous and are what they purport to be. There is no claim of fraud nor is reformation of the instrument sought.

The claim of the defendant is that they were intended to be testamentary in character. In other words it is defendant's claim that his right to revoke is present. The deeds are complete instruments. The terms are not obscure. There is nothing contained in them to indicate a testamentary purpose. In the absence of uncertainty or ambiguity parol evidence is not admissible to prove the intent of the parties. The legal effect of the instrument must be determined by its language. *Beeson v. Green,* 103 Iowa 406; *McEnery v. McEnery,* 110 Iowa 718; *Van Husen v. Omaha B. & T. R. Co.* 118 Iowa 366; *Gaddes v. Pawtucket Inst. for Savings,* 33 R. I. 177 (80 Atl. 415, 418) ; *President of Bowdoin College v. Merritt,* 75 Fed. 480.

It is apparent that the intention of the defendant in conveying the land to Moland and then by Moland to the plaintiffs is that the defendant Lavene should have dominion and ownership over the land during his life consistent with an unconditional grant in fee. A cumbersome method was adopted to secure a result that could have been attained in the first instance without an intermediary. To hold that Lavene intended a testamentary disposition of the land is to ignore the name and character of the instruments selected by him, the covenants in the instruments, their mode of execution and the recording thereof. Such a construction would make the instrument absolutely void. It would neither be a deed nor a will. We must presume that Lavene intended something valid and effectual. The instrument must be construed as a deed conveying a fee-simple title to the plaintiffs to commence in possession and enjoyment after the death of Lavene. See, *Jones v. Caird,* 153 Wis. 384 (141 N. W. 228) ; *In re Estate of Tolerton,* 168 Iowa 677, 687; *Clay v. Layton,* 134 Mich. 317 (96 N. W. 458, 467).

The deed itself is unambiguous and plain, and must be viewed as a verity. Its construction must be determined by its recitals. All interests of the grantor passed unless the instrument itself shows a contrary intention. See 2914 Code 1897.

The deed in question is free from any suggestion of the right to revoke, and the instrument must be the criterion of the intention of the parties. "It is, however, the settled rule that a deed must be construed '*ex visceribus suis.*' When the intent is clearly expressed, no evidence of extraneous facts or circum-

stances can be received to alter it." *Caldwell v. Fulton,* 31 Pa. St. 475; See also *Fowler v. Black,* 136 Ill. 363 (26 N. E. 596); *Ransom v. Pottawattamie County,* 168 Iowa 570; *Donahue v. McNulty,* 24 Cal. 411.

Under the circumstances of the instant case the instrument is presumed to have been delivered. The execution and record-

2. DEEDS: delivery: presumption. ing of a conveyance create a presumption of sufficient delivery which can be overcome only upon a clear and satisfactory showing. *Davis v. Hall,* 128 Iowa 646; *Johnson v. Moore,* 184 Iowa 648.

The deeds recited a consideration and it is incompetent to show by parol that there was no consideration whatever. *Gard-*

3. EVIDENCE: parol as affecting writings: disputing consideration. *ner v. Lightfoot,* 71 Iowa 577; *Ostenson v. Severson,* 126 Iowa 197.

We reach the conclusion that the trial court ruled correctly the propositions involved in this case. Wherefore the decree entered must be and is—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.