## Campbell, et al. v. Campbell, et al.

(Decided January 27, 1925.)

### Appeal from Owsley Circuit Court.

1. Deeds—Grantor May Convey Land and Reserve Life Estate Therein to Himself.—Grantor may convey land and reserve life estate therein to himself.

2. Wills—Instrument Testimony in Character, Conveying Land Subject to Grantor's Life Estate, Construed as Deed Vesting Grantees with Estate in Remainder.—Instrument testamentary in character, conveying land subject to grantor's life estate, is construed as deed vesting grantees with estate in remainder.

3. Trusts—Conveyance, Subject to Grantor's Right to Sell and Reinvest Proceeds in Other Lands to be Conveyed in Same Manner, Held to Create Express and Irrevocable Trust in Favor of Grantees.—Where deed to grantor's children recited that land conveyed to them was purchased with proceeds of sale of land theretofore conveyed to such children, and further recited "reserving the right of power of selling and conveying same, should he (grantor) so desire, and reinvesting the proceeds in other property to be conveyed in the same manner as the property hereby conveyed," held that grantor could sell land conveyed for reinvestment purposes only so that grantee's children took defeasible fee in remainder which would become absolute upon grantor's death without his exercise of power of sale, and, in event of its exercise, children were entitled to an interest in proceeds of sale; such deed establishing an express and irrevocable trust in favor of children.

4. Executors and Administrators—In Suit Against Administrator to Enforce Trust, Devisees of Trust Property Held Properly Joinable as Parties Defendant.—In a suit against the administrator

of an estate to establish a trust created by testator in favor of complainants, but which he violated by devising trust property to others, devisees held properly joinable as parties defendant, where the testator left no other estate than that of the property so devised.

5.  Trusts—Gratuitous Grantees of Land, Purchased by Grantor Partly with Trust Funds, Held Liable to Extent of Trust Funds so Invested.—Gratuitous grantees of conveyance of land, purchased by grantor partly with trust funds, held liable to extent of trust funds so invested.

H. C. EVERSOLE and J. SMITH HAYS for appellants.

H. C. FAULKNER and FAULKNER, STANFILL & FAULKNER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Edward Campbell was married twice, and raised two sets of children. On the 18th of May, 1897, he conveyed to his children by his first wife a certain tract of land in Owsley county, the consideration and a reservation to himself being in these words:

"That for and in consideration of the love and affection he has for his said children and in compliance with his intentions when he executed the deed to them to his home farm in the county of Perry, state of Kentucky, the hereinafter described land having been purchased with the proceeds of the sale of the said Perry county lands, the party of the first part reserving unto himself the estate during his own life in said land and reserving the right of power of selling and conveying same, should he so desire, and reinvesting the proceeds in other property to be conveyed in the same manner as the property hereby conveyed, does this day and by these presents alien, &c. . . .

"To have and to hold the above described property unto the parties of the second part subject to the reservations above set out remainder in fee forever. . . ."

After his second marriage, Campbell and his wife, on the 15th day of May, 1908, executed a deed for this land to T. C. Fuller for the recited consideration of $2,825.00. Later, he bought two other tracts of land and had same conveyed to himself without any reference to

his children therein and on the first of May, 1916, he and his second wife executed a conveyance for those lands to the second set of his children, under the same terms and conditions imposed in the first deed mentioned, except it contained no reference to the Perry county lands.

On the 28th of January, 1921, Edward Campbell executed a will, in which he devised all his remaining property to his second wife and her children, giving as his reason for disinheriting the first set of children that "they and each of them have received from me their equal share of my estate."

His death occurred shortly thereafter and his will was duly probated, his estate being of but little value. In June, 1921, the living grantees and heirs of deceased grantees in the first deed, brought this suit against the grantees in the second deed, the widow of Edward Campbell and the administrator of his estate with the will annexed, seeking to recover from them the consideration received by Edward Campbell from Fuller for the first tract of land mentioned, to-wit: $2,825.00, with interest from the 15th of May, 1908, until paid.

The petition recited the above facts and alleged that the tracts of land conveyed defendants by deed of May, 1916, was of the value of more than $10,000.00; that the $2,825.00 paid by Fuller was invested therein and that no part of same was invested as provided in the deed of May, 1897, or paid to any of them; that this was a conversion of the trust funds by Edward Campbell for which they are entitled to recover from his devisees and personal representatives and that thereby a lien was created in their favor for the amount paid by Fuller upon the land conveyed to the second set of children, copies of the wills and deeds being filed as exhibits.

A demurrer was sustained to the petition and not being amended, it was dismissed. Plaintiffs have appealed. The lower court seems to have been of the opinion that the first deed mentioned was testamentary in character and as it was not executed with proper formalities that it was invalid as a will; and at any rate was revoked by the will which was probated; that by its terms the grantor reserved the power to revoke the conveyance; therefore no present interest passed to the grantees and the instrument was invalid as a deed.

It is well established that a conveyance of land may be made reserving to the grantor a life estate therein. While testamentary in character, such an instrument is

construed not to be a will but to be a deed, vesting the grantees with an estate in remainder. Wood v. Moss, 176 Ky. 419; Best v. House, 113 S. W. 849; Snyder v. Gen. Conference Board M. E. Church, 205 Ky. 812.

It is claimed, however, that the grantor was given power to revoke the conveyance by the words *"should he so desire"* in the clause "reserving the right of power of selling and conveying same, should he so desire, and re-investing the proceeds in other property to be conveyed in the same manner as the property hereby conveyed."

The argument being that the words italicized are preceded and followed by a comma, therefore their reference to sale and reinvestment was several; that the grantor reserved the right to sell if he desired; also if he desired he could reinvest, &c., hence, at best there was only an indefinite promise to give the grantees something in the future if he sold the property.

We cannot agree to this. The quoted words imply that the grantor was invested with discretion in the matter, but they clearly refer both to selling and reinvesting as different steps in a continuous transaction, and this is in harmony with the other parts of the instrument which must be construed as a whole.

As the grantor reserved the power to convey, an exercise of that power would destroy the remainder and therefore the grantees took a defeasible fee in remainder. If the power was not exercised the fee would become absolute at the death of the grantor. But while the exercise of the power of conveyance by the grantor defeated the remainder in the land conveyed, the grantees still had an interest in the proceeds of sale.

The deed recites that the land conveyed was purchased with the proceeds of sale of property which had theretofore been conveyed to the grantees. The grantor thus recognized an existing trust in their favor and gave legal expression to it. In addition to a life estate he reserved a power of sale, but the grantees were to share in the proceeds, and the power was only to be exercised for the purpose of reinvesting under a similar conveyance.

Clearly this established an express and irrevocable trust. As such trustee he had power to sell and reinvest the proceeds as indicated, but when he sold the land and reinvested the proceeds in other lands in his own name without reference to them he violated the trust and converted the trust estate to his own use. For this his

estate is liable, and in a suit against his administrator, the devisees under his will may be joined, it appearng that he left no other estate. Also as it is alleged that no valuable consideration was paid by the defendants, grantees in the second deed for the lands conveyed them and that the trust funds have been invested therein, if true those parties would be liable therefor to the extent of the funds so received.

It appears that on the questions discussed the petition stated a cause of action. No others are considered.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.