JOSEPH T. BARDSLEY et al., Appellants, v. GEORGE W. SPENCER et al., Appellees.

No. 41144.

SEPTEMBER 20, 1932.

REHEARING DENIED JANUARY 21, 1933.

Robertson & Robertson, for appellants.

Hugh P. Finnerty and D. E. Stuart, for appellees.

DE GRAFF, J.—Thomas W. Spencer was, in the year 1909, the owner of 320 acres of land. He had a wife, Salina, and six children, four sons and two daughters. One of the daughters married a Van Horn and the other a Bardsley.

On the 13th day of February, 1909, Thomas W. Spencer and his wife, Salina, executed a warranty deed to said 320 acres of land, in which the grantees were the four sons and in which a life estate was reserved to the grantors. The deed was delivered to George W. Spencer, one of the sons, and recorded by him on the day of its execution, February 13, 1909. Thomas W. Spencer died intestate

April 15, 1926, and his widow Salina died intestate July 11, 1929.

If the deed constitutes a valid conveyance, the Van Horn family and the Bardsley family will not be permitted to share in the 320 acres of land. The Van Horns do not appear as parties nor as witnesses, but the Bardsleys commenced this action for a partition and sale of said real estate, claiming that the deed was in fact a testamentary instrument and void, was secured by undue influence arising out of a fiduciary relationship between grantors and one of the sons, George W. Spencer, and further that the grantor, Thomas W. Spencer, was not mentally competent to make a deed at the time the deed was executed and delivered.

At the conclusion of the trial, the court entered a decree, finding that the plaintiffs had failed to meet the burden placed upon them to sustain the allegations of their petition, and ordered the petition dismissed, with costs.

The question as to whether or not the deed was a testamentary instrument and void is one of mixed law and fact; as to whether or not the grantor was mentally competent to make a deed at the time the deed was executed and delivered and as to whether or not the deed was secured by undue influence are fact questions. The evidence shows that neither the grantor nor his wife could write and therefore they made their signatures by mark. The deed in question reads as follows:

"Know All Men By These Presents:

"That Thomas Spencer & Saline Spencer, husband and wife of Pottawattamie County, and State of Iowa, in consideration of the sum of love and affection and other valuable considerations & one Dollar to me in hand paid by our sons: George W. Spencer; Alexander Spencer; Frank Spencer and Thomas W. Spencer of Pottawattamie County, and State of Iowa do hereby Sell And Convey unto our sons: George W. Spencer; Alexander Spencer; Frank Spencer and Thomas W. Spencer the following described premises, situated in the county of Pottawattamie, and State of Iowa, to wit:

"The South West Quarter (SW¼) of Section Twenty-nine (29); The South One-Half (S½) of the South East Quarter (SE¼) of Section 30; The North East Quarter (NE¼) of the South East Quarter (SE¼) of Section 30; The South East Quarter (SE¼) of the South West Quarter (SW¼) of Section 30;

"Each and all of said tracts and parcels of land being in Township 77, North Range 42, West of the 5th P. M.

"The grantors herein reserve unto themselves a life estate in and and each part of said lands, that is to say, that said Thomas Spencer and his wife, Salina Spencer are to have the entire possession, control, use, benefit, rents, and profits of all and each and every part of said lands so long as the grantors or either of them live and while the title shall by this deed be vested in the grantees, grantees neither the grantees together nor any one of them shall be entitled to the possession, control, use, benefits, rents or profits of said lands or any part thereof until after the death of that one of xx.

"And we covenant with the said George W. Spencer, Alexander Spencer, Frank Spencer, and Thomas W. Spencer that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear from all liens and incumbrances whatsoever; and we covenant to Warrant And Defend the title to said premises against the lawful claims of all persons whomsoever, excepting only the life estate above reserved in favor of the grantors and the survivor of them.

"Signed this 13th day of February A. D. 1909.
"Witnesses:
"W. H. Killpack
"T. A. Mitchell

His
"Thomas ✕ Spencer
Her
"Salina ✕ Spencer"

Duly sworn to, acknowledged and witnessed before W. H. Killpack, Notary Public in and for Pottawattamie County.

On the margin of the original deed the following appears:

"xx. Grantors who may live longer and the grantees by accepting this deed shall and do agree to the conditions herein imposed, and agree that the grantors and the survivor of them shall have full control, possession and all the use, benefits, rents and profits of said lands, so long as grantors or either of them shall live."

It will be seen from the instrument itself that it purports to convey the present title in said property unto the grantees, subject to the life estate, for it contains this express recital: "And while the title shall by this deed be vested in the grantee." This is fol-

lowed by words indicating that the possession, control, use, benefits, rents or profits of said lands are retained unto the grantors for a period of the lives of both of them.

The deed is not subject to a claim of ambiguity. The rights of the parties, therefore, are to be determined by the instrument itself. Shaull v. Shaull, 182 Iowa 770; Yeager v. Farnsworth, 163 Iowa 537; Ault v. Hillyard, 138 Iowa 239; Beeson v. Green, 103 Iowa 406; McEnery v. McEnery, 110 Iowa 718; Van Husen v. Omaha B. & T. Ry. Co., 118 Iowa 366.

The generally accepted rule is that if an instrument passes a present interest in real estate, although the right to its possession and enjoyment be deferred, it is a deed of conveyance and not a testamentary instrument. See Craven v. Winter, 38 Iowa 471; Ransom v. Pottawattamie County, 168 Iowa 570; Saunders v. Saunders, 115 Iowa 275; Tuttle v. Raish, 116 Iowa 331; Prindle v. Iowa Soldiers Orphans Home, 153 Iowa 234; Bradley v. Bradley, 185 Iowa 1272; Johnson v. Lavene, 196 Iowa 471.

The cases relied upon by the appellants are not analogous to the case at bar in so far as the fact questions are concerned, for in each of them it was specifically held that, from the wording of the instrument, there was no intention to pass any present title or interest in the thing conveyed. In the deed under consideration, the express provisions thereof leave us no conclusion other than that the present title, which is an interest in the property, passed by the deed, subject only to the life estate retained by the grantors. The contention of the appellants, therefore, that the instrument sought to be cancelled is, in truth and in fact, void as a testamentary instrument, is not tenable.

The grantor, Thomas W. Spencer, was, for the greater part of his life, a farmer. He moved to town in about 1909, and bought a house there, paid his taxes, bought the necessary food and supplies for himself and his wife, and transacted whatever business it was necessary for him to transact. This continued practically up to the time of his death. Several witnesses testified that they talked with him many times during the years that he was in town and from the date he made the deed up to the time of his death, and that he appeared and acted as an ordinary person of his age would appear and act, and that they saw nothing which indicated that he was insane or incompetent to transact business. He could not write, but he had read the Nonpareil for fifty years. He bought 120 acres of

his land in 1866 at $10 an acre, and a short time thereafter bought the remainder of it at $10 an acre. Two physicians testified with respect to his competency to transact business, and each testified that he was sane and competent to understand and transact business. A physician called by the plaintiffs testified that the grantor was "a pretty active old man both physically and mentally, up to 1920." He thought that the grantor was normal in every way, and he further testified that Salina Spencer was "exceptionally strong physically and mentally, away above the average for her age." No physician testified that Thomas W. Spencer was insane or incompetent to transact business. The record is overwhelmingly to the effect that the grantor and his wife were sane and competent to transact business at the time the deed in question was executed and delivered. The plaintiffs did not meet the burden upon them to sustain the allegation of their petition that the grantor was insane or mentally incompetent. That the plaintiff must establish the grantor's mental incapacity by clear, convincing and satisfactory proof before the deed can be set aside on that ground is the holding of this court. See Keating v. Augustine, 213 Iowa 1336; Albaugh v. Shrope, 197 Iowa 844; Crawford v. Raible, 206 Iowa 732; Coughlin v. St. Patrick's Church, 201 Iowa 1268. Many other cases might be cited announcing the same rule.

We have searched the record with care in an effort to find some evidence to sustain the allegation of the plaintiffs' petition that a fiduciary relationship existed between the grantor and his eldest son George W. Spencer, to whom the deed in question was delivered and who recorded it. The only evidence in the record at all bearing upon the question of fiduciary relationship is that frequently George and his father talked over some matters concerning business. There is nothing in the record that shows in any degree whatsoever that George W. Spencer exercised any control over his parents in their business matters, although he was friendly with them and frequently visited them. George also talked with them about his own business and once in a while they would talk about the renting of the pasture land or the hay land. He used to tell them that they ought to put a certain number of cattle in the pasture. One of the appellants, to wit, Joseph T. Bardsley, states, after describing the farm discussions hereinbefore mentioned, as follows: "But outside of that, there would not be a great deal of business." We can find nothing in the record which would justify us in holding

that a fiduciary relationship, in the common acceptance of the term, existed between the father and the eldest son, any more than is customary in the ordinary family between parents and their children.

It is claimed, however, that about seven years after the deed was made, the grantor became angry at his son George because the grantor believed that George had not returned the deed to him. The undisputed evidence in the record, however, is that the deed was found among the possessions of the grantor's wife Salina when she died, subsequent to the death of the grantor, Thomas W. Spencer, and the son George testified positively that he gave the deed back to his father a few days after it was recorded. At one time, the grantor consulted a lawyer and had him write a letter to George W. Spencer with respect to the deed. The letter is not in evidence and we do not know what it contained. Suffice it to say that no action was brought to set aside the deed and it appears from the record that the anger of the father and grantor may have been due to certain activities of the Bardsley family.

We cannot find any evidence in the record which would justify us in holding that any undue influence was practiced by George W. Spencer or any of the other defendants, by the use of which their father was induced to sign the deed in question. We have heretofore held that solemn instruments affecting the title to real estate are not to be disturbed unless upon such proof as clearly and convincingly establishes that such instruments are not the free and voluntary act of a person possessed of sufficient mentality to have executed the same intelligently. The burden of proof was upon the plaintiffs to prove undue influence, as well as the mental incapacity of the grantor. Hess v. Pittman, 214 Iowa 269; Dean v. Dean, 131 Iowa 487; Reeves v. Howard, 118 Iowa 121; Brackey v. Brackey, 151 Iowa 99.

Some claim is made by the appellants that there was a rescission of the transaction and that the defendants-appellees had abandoned all their claim to the premises, but there is not a scintilla of evidence in the record to substantiate this claim.

It is quite significant that the grantor, although in possession of his mental faculties for over fifteen years after the execution and delivery of the deed in question, and although having consulted an attorney with respect to it, never himself saw fit to bring an action to set the same aside. While this fact may not be controlling, it

does, in the light of such of the testimony as we consider competent in the record, abidingly satisfy us that the decree of the trial court is right, and it is therefore—Affirmed.

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.