Earl L. Stoutenburg, Appellant, v. Abigail Stoutenburg et al., Respondents.*

Third Department, March 3, 1943.

*Martin F. Comeau* for appellant.

*Roscoe V. Elsworth* for respondents.

SCHENCK, J. In this action, brought under article 15 of the Real Property Law to compel determination of a claim to real property, the parties have stipulated the following facts: By deed bearing date August 12, 1924, delivered to the grantee and recorded in Ulster County clerk's office in Book 505 of Deeds, at page 503, Alice Stoutenburg, plaintiff's grandmother, as party of the first part, did " grant and release " to her son Edward B. Stoutenburg, plaintiff's father, as party of the second part, " his heirs and assigns forever, subject to the life estate of the party of the first part and reservation hereinafter expressed," farm land of some fifty-five acres, with the buildings thereon, situate in the town of Hurley, Ulster County, and valued at about $2,500. Following the description, the deed reads:

" Together with the appurtenances and all the estate and rights of the party of the first part in and to the said premises from and after the life estate of the party of the first part which is hereby reserved.

" To have and to hold the above granted premises, unto the said party of the second part, his heirs and assigns forever, beginning and from the decease of the party of the first part. It being the purpose and intention hereby that the party of the first part shall retain and reserve the absolute title and possession of the said premises during her natural life and at and after her decease the title, ownership and possession of said premises hereby granted shall then devolve upon and pass to the party of the second part, his heirs and assigns.

" And the said party of the first part, doth covenant with the party of the second part as follows:

"First. That the party of the second part shall quietly enjoy the said premises after the decease of the party of the first part."

On February 26, 1938, Edward B. Stoutenburg, grantee in that deed, died, intestate, survived by his widow, the defendant Abigail Stoutenburg, and by the plaintiff and the other defendants in this action as his only heirs at law and next of kin.

On January 8, 1939, Alice Stoutenburg, the grantor in that deed, died, leaving a last will and testament bearing date September 16, 1938, and admitted to probate and recorded in Ulster County Surrogate's Court January 30, 1939, in Book of Wills No. 17, at page 431, wherein, after making certain bequests, she made the following provision for the plaintiff in this action:

"FIFTH: I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my grandson, Earl Lucas Stoutenburgh, subject to the following conditions.

"(a) Earl Lucas Stoutenburgh is to pay my grandson Allen R. Stoutenburgh, the sum of Three Hundred ($300.00) Dollars, which is to be a charge upon the real estate.

"(b) Abigail Stoutenburgh, the widow of my son Edward B. Stoutenburgh, is to have the right to live at the homestead so long as she remains the widow of my son Edward B. Stoutenburgh."

Edward B. Stoutenburg, his wife and his children resided on the premises for more than twenty years prior to his death and Alice Stoutenburg resided thereon until her death.

Plaintiff, claiming under the will, demands judgment that he has a good and valid title to the premises in question, while the trial court has granted a judgment in accordance with the demands of defendants, claiming as heirs of Edward B. Stoutenburg, that the complaint be dismissed and that plaintiff and they, as tenants in common, be adjudged to own the premises described in the deed.

The deed was effective to create in the grantee therein named a future estate in expectancy (Real Property Law, §§ 35, 36), limited to commence in possession on the death of the grantor (Real Property Law, § 37). Such estate was a remainder (Real Property Law, § 38), "descendible, devisable and alienable, in the same manner as an estate in possession" (Real Property Law, § 59). It was vested because Edward B. Stoutenburg, the grantee, until his death, and thereafter, throughout the life of Alice Stoutenburg, the plaintiff and the parties defendant hereto other than Abigail Stoutenburg, his widow, were persons "in

being, who would have an immediate right to the possession of the property, on the determination of '' the life estate which Alice Stoutenburg had reserved to herself in the deed (Real Property Law, § 40).

Plaintiff leans heavily on *Boon* v. *Castle* (61 Misc. 474) where, however, the granting clause in the deed contained no such reservation as is specifically set forth in the granting clause of the deed of Mrs. Stoutenburg, the result there having been that the *habendum* clause was held, on the ground of repugnancy, to yield to the granting clause. In *Butler* v. *Sherwood* (114 Misc. 483, affd. 196 App. Div. 603, 233 N. Y. 655), also invoked by plaintiff, the deed under consideration was ambulatory in form and was expressly made subject to revocation during the lifetime of the grantor.

The trial court's disposition of this case not only accords with the foregoing views, but also finds ample support in many cases decided in other jurisdictions, such as: (*Saunders* v. *Saunders*, 115 Iowa, 275; *Meyer* v. *Stortenbecker*, 184 Iowa, 441; *Marsh* v. *Rogers*, 205 Ala. 106; *White* v. *Willard*, 232 Ill. 464; *Reed* v. *Brown*, 184 Mich. 515; *Bardsley* v. *Spencer*, 215 Iowa, 616; *Campbell* v. *Campbell*, 207 Ky. 17; *McAlister* v. *Pritchard*, 287 Mo. 494; *Montgomery* v. *Reeves*, 167 Ga. 623).

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, without costs.