ROSANNA McGRANE et al., Plaintiffs, v. MAX L. WIENER, Defendant.— Submission of controversy under sections 546-548 of the Civil Practice Act. Judgment of specific performance unanimously directed in favor of plaintiffs, without costs, but with disbursements to defendant, payable by plaintiffs. The instrument referred to as Exhibit 2 is valid as a deed. (*Stoutenburg* v. *Stoutenburg,* 265 App. Div. 570; 2 Devlin on Real Property and Deeds [3d ed.] p. 1598.) The language in the first part of the granting clause under section 66 of the Real Property Law would be deemed to create a tenancy in common, but the language in the latter part, following the description, sufficiently expresses that the grant is one in joint tenancy within section 66. As this language is in the latter portion of the granting clause, any question of repugnancy as between a granting clause and a habendum clause is avoided and the rule which requires the language of the habendum clause to yield to the granting clause (*Allen* v. *Trustees of Great Neck Free Church,* 240 App. Div. 206) has no application. The clear intention of the grantor may not be defeated because of the crude manner in which the scrivener expressed her intention. That intention was, as a reading of the entire instrument reveals, that the individuals named as grantees should take as joint tenants with the right of survivorship. It was not necessary that the words "joint tenants" be used, although, of course, a competent scrivener would have used them in an appropriate part of the granting clause. (*Overheiser* v. *Lackey,* 207 N. Y. 229, 233.) The cases upon which the defendant relies ·to support the claim that the instrument was an ineffective testamentary disposition are dissimilar on their facts. They involve a power of revocation retained by the purported grantor. No such power was retained by the maker of the deed herein. Therefore, the plain intent was that the grant was to take effect *in praesenti* with the right of enjoyment by the survivors of the grantees deferred until the termination of the reserved life estate. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.