■ GILBERT M. VOGHT, Respondent, v RICHARD C. VOGHT et al., Appellants. [882 NYS2d 551]—

Garry, J. Appeal from that part of an order of the Supreme Court (Sise, J.), entered June 4, 2008 in Montgomery County, which denied defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff is the son of defendant Richard C. Voght (hereinafter the father). Plaintiff's two siblings are the other two defendants. In December 2006, the father executed a deed (hereinafter the 2006 deed) which conveyed real property located in Montgomery County to plaintiff. Under the heading, "Retained Life Use with Limited Power of Appointment," the deed provided that the father reserved "the right to the exclusive use and occupancy of the premises during the Grantor's lifetime" and also reserved "the power to appoint the remainder and/or Grantor's life use in the premises to" among others, "any one or more of the issue of the Grantor." The limited power of appointment was to be exercised, if at all, "during the Grantor's lifetime by a deed to [plaintiff] or to others who are members of the class of appointees set forth herein, making express reference to this power and executed and recorded in the County Clerk's office where this deed is recorded, prior to the Grantor's death."

After the 2006 deed was executed and recorded, plaintiff continued to occupy the property, as he had done since 1984. In December 2007, the father executed and recorded a second deed (hereinafter the 2007 deed), which provided that he "hereby elects to exercise his limited power of appointment reserved in the [2006] deed to remove [plaintiff], as grantee in the [2006] deed, and to name [plaintiff's siblings], in his place thereby making [the siblings], the sole owners of [the property]." The 2007 deed further provided that the "conveyance [was] made and subject to the continued life estate with limited power of appointment as contained in the [2006] deed."

The three defendants thereafter served plaintiff with a notice to terminate seeking to eject him from the property. Plaintiff moved for an injunction and commenced this action seeking a determination that the 2007 deed was a nullity insofar as it purported to transfer any interest in the property to his siblings and an order directing the father to execute a corrective deed.

Defendants cross-moved for summary judgment dismissing the complaint and to vacate a temporary restraining order previously issued by Supreme Court. The court issued a decision and order confirming plaintiff's title to the property subject to the father's life estate pursuant to the 2006 deed, denying defendants' motion insofar as it sought to defeat such an interest of plaintiff or establish any interest of the siblings in the premises, and denying summary judgment dismissing the complaint. Defendants appeal.

We agree with Supreme Court that the father is entitled to exclusive possession of the property during his lifetime under the life estate he reserved by the 2006 deed. We disagree with the court's determinations that the 2006 deed created no remainder, that the only interest reserved by the father was the life estate, and that the 2007 deed was a nullity to the extent that it purported to divest plaintiff of his interest or reconvey the remainder interest to plaintiff's siblings.

In New York, an estate in property may be either an estate in possession or a future estate, depending on the time of enjoyment (*see* 5-47 Warren's Weed, New York Real Property § 47.21 [2008]). The life estate that the father reserved to himself under the 2006 deed entitled him to the immediate possession and enjoyment of the property and was therefore an estate in possession (*see* EPTL 6-4.1; 5-47 Warren's Weed, New York Real Property § 47.21). The interest conveyed to plaintiff was a future estate because it gave him no present right of enjoyment or possession and would ripen into ownership of the property only upon the termination of his father's life estate (*see* EPTL 6-4.2; 8-86 Warren's Weed, New York Real Property § 86.01). Under the EPTL, a future interest which is "created in favor of a person other than the creator" is a remainder (EPTL 6-4.3). Plaintiff's interest in the property was thus a remainder, i.e., a future interest created in a person other than the father, who was the creator (*see* 5-47 Warren's Weed, New York Real Property § 47.21; *see also Stoutenburg v Stoutenburg*, 265 App Div 570, 572 [1943], *lv denied* 266 App Div 759 [1943]).

The 2006 deed reserved to the father not only a life estate but also a limited power of appointment. The EPTL permits a donor to create a power of appointment as long as the donor is "capable of transferring" the property and "create[s] or reserve[s] the power by a [properly executed] written instrument" that "manifest[s the] intention to confer the power on a person capable of holding" the property, and that does not purport to give the donee's interest a spendthrift character in order to defeat the rights of the donee's creditors (EPTL 10-4.1). The 2006

deed comports with these requirements and, therefore, properly reserved to the father the limited power to appoint "the remainder and/or [his] life use" to one or more of the specified appointees.

As a remainder, plaintiff's interest in the property was subject to the proper exercise of this power. Plaintiff's interest could become possessory only upon the father's death and only if, during his lifetime, the father had not exercised or had relinquished his power of appointment. As defined in the EPTL, plaintiff's interest was a vested remainder subject to complete defeasance in the event that his father properly exercised his limited power of appointment during his lifetime (*see* EPTL 6-3.2 [a] [2] [C]; 6-4.9).

By the 2007 deed, the father exercised his limited power of appointment in favor of plaintiff's siblings in a deed that specifically referenced the 2006 deed and that was recorded in the same County Clerk's office where the 2006 deed was recorded. The 2007 deed fully complied with the restrictions on the exercise of the power of appointment set out in the 2006 deed (*see* EPTL 10-5.1, 10-6.1 [b]; 10-6.2, 10-6.3; *see also Matter of Hamilton*, 190 AD2d 927 [1993]). The father's limited power of appointment was therefore properly created and exercised in the 2007 deed, which served to divest plaintiff of his remainder interest in the property and to convey the remainder to plaintiff's siblings. Accordingly, Supreme Court erred in confirming plaintiff's title in the property and in denying defendants' motion for summary judgment dismissing the complaint.

Peters, J.P., Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, defendants' cross motion granted, summary judgment awarded to defendants and complaint dismissed.