Vail v. Stone.

VAIL v. STONE *et al.*

1. AGREEMENT: PLEADINGS. An agreement between the parties to an action stipulating the terms upon which a decree shall be entered, when filed in open court becomes a part of the record as a pleading, and cannot, unless for good cause shown, be stricken from the files, or withdrawn upon the motion of the parties, and a subsequent pleading inconsistent therewith should be stricken from the files.

*Appeal from Muscatine District Court.*

THURSDAY, JUNE 5.

THE facts are stated in the opinion of the court.

*D. C. Cloud* for the appellant.

*Richman & Bro.* for the appellee.

BALDWIN, C. J.—This was a petition for the foreclosure of a mortgage. The defendants indorsed upon the back of the original notice an acknowledgment of service, and an agreement upon their part, that a decree should be entered up at the following term of court, in accordance with the terms of an agreement signed by D. C. Cloud, Esq., their attorney, and filed with the papers of said cause. In the stipulation filed by the attorney, the defendants, Stone and wife, consent to the rendition of a decree for the amount due on the note and mortgage, including interest and costs, to be ascertained by the clerk of the district court, with conditions annexed in reference to the manner and time of sale, &c. Subsequent to the filing of this agreement, the defendants filed an answer, setting up the payment to the plaintiff of the sum of $400, and that the contract sued on was usurious. This answer was stricken from the files upon the motion of plaintiff, and a decree entered upon the agreement. The defendants appeal, and the action of the court in striking the answer from the files, and disregarding the plea of usury, is the error assigned.

The Code, § 1821, provides that the parties may submit to any judgments which may be agreed upon between them, which agreement must be in writing, and filed in open court.

It is not claimed by appellants that this agreement was obtained by any false or fraudulent representations, nor do they deny the right of their attorney to enter into the agreement so filed in their behalf.

An agreement, when filed in open court, and duly signed by the parties, becomes part of the record of the case, and is in effect an answer or pleading, and unless for good cause shown should be so regarded by the court.

It is not questioned but that the parties may have such agreement withdrawn or stricken from the files, if it is made apparent to the court that it was obtained in an improper manner, but as long as it is permitted to remain as a matter of record, it is the duty of the court to regard it as binding upon the parties thereto.

The subsequent answer of defendants was inconsistent with the terms of this agreement. In the agreement the defendants consented to the rendition of a decree for the amount due on the note and mortgage, filed with the petition, with interest, &c., to be ascertained by the clerk. In their answer they plead usury, and payment. By the agreement they consent to a judgment for the amount as appears to be due from the note and mortgage, with interest; by the answer they wish to avoid a portion of the amount they conceded to be due, as well as both the interest and costs.

The two pleadings being thus inconsistent with each other, and there being no good cause shown why the one first filed should not remain as part of the record of the case, we think the subsequent answer should be stricken from the files.

If the answer was properly stricken from the files, the court could not consider the defenses therein set up. The contract itself did not show that it was a usurious one, and the usury not being brought to the attention of the court

by a proper pleading, it could not, upon its own motion, take cognizance of this question.

Affirmed.