GEORGE A. PEAK et al., Administrators, Appellees, v. M. J. MUL-VANEY, Appellant.

No. 41752.

DECEMBER 13, 1932.

J. A. Dyer, for appellant.

Brunk, Bennett, Hassett & Janss, for appellees.

WAGNER, J.—The instant suit involves the right to the possession of real estate located in the city of Des Moines, and was begun and concluded in the municipal court of said city. The plaintiffs allege in their petition, in substance, that on or about the 11th day of September, 1930, they entered into a written contract with the defendant for the sale to him of the real estate involved, for the consideration of $2,500, of which $500 was to be paid at the time of the execution of the contract, and monthly installments of $100 were to be paid upon the 15th day of each month thereafter until the principal sum was reduced to $1,500; that the defendant defaulted in the principal payments due under the contract, and that they duly served upon him written notice of their intention to declare a forfeiture and cancellation of the contract, all in strict accord with the provisions of chapter 527, Code 1931 (section 12389 et seq.); that the defendant failed to perform the terms and conditions of the contract wherein he was delinquent within the thirty-day period after the completed service of notice upon him, and that by reason thereof the defendant's rights in the property have been legally forfeited; that thereafter they caused to be served upon the defendant, in accordance with the provisions of the statute in such cases made and provided, a written notice to quit and surrender the

possession of the real estate to them; that, disregarding the aforesaid notice, the defendant retains the possession of said real estate. The plaintiffs therein pray for judgment against the defendant removing him from the premises, and that they be put in possession thereof, and that execution for the removal of said defendant issue accordingly, and for costs.

This action was begun June 30, 1931. On July 24, 1931, the defendant entered into a written stipulation with the plaintiffs, wherein he concedes that there is due from him, under the contract for the purchase of the real estate, the sums of $50, with interest thereon from December 15, 1930, $100 with interest thereon from January 15, 1931, $100 with interest thereon from February 15, 1931, $45 for overdue interest upon the sum of $1,500, and also that the taxes upon the real estate for the year 1931, which he was obliged to pay, are delinquent and unpaid. The defendant therein agreed to make payment of all of said sums at certain times therein expressed. Said stipulation further provides:

"It is further agreed that time is of the essence of this stipulation and that in the event M. J. Mulvaney defaults in any of the payments herein provided for, it is agreed that plaintiffs shall have judgment in this case forthwith, placing the plaintiffs therein in possession of the property above described and removing the defendant from possession of said property, and that writ of execution for such removal shall issue upon said judgment.

"It is further agreed that the waiver of any provision of this stipulation or the contract above described shall not be construed to be a waiver of any other provision of this stipulation or said contract."

At a later date there was an amendment to said stipulation, but the defendant has failed to make the payments required by him in accordance with the stipulation as amended. This stipulation and amendment thereto were duly filed, and constitute a portion of the files in this proceeding.

After the aforesaid stipulation and amendment thereto were entered into between the plaintiffs and the defendant, the defendant filed an answer, alleging therein that he is in the rightful possession of the property, and that the action involves the title to the real estate. He admits therein the contract of purchase with the plaintiffs, the service of the notice of forfeiture of the contract, and the service

of the notice upon him to quit the possession of the premises. There is no plea of waiver of plaintiffs' right to take judgment as per the terms of the stipulation, and he does not therein allege any defense as against the aforesaid stipulation as amended.

At the time of filing his answer, the defendant also filed a motion to transfer the cause to the district court, but there is no ruling by the court upon said motion. The appellant in one of his assignments of error contends that the court erred in not transferring the cause to the district court. We need not, and do not, determine whether, under the petition of the plaintiffs and the answer of the defendant, the question of title to the real estate is raised so as to make it a question properly triable only in the district court, for it is quite apparent that the appellant is foreclosed from now urging error at this point for two reasons, to wit: Firstly, in failing to get a ruling by the court upon the motion in which he asks for the transfer of the cause to the district court; and, secondly, for the manifest reason that the stipulation hereinbefore mentioned, duly signed by the defendant, provides that, in the event of the failure to make the payments punctually, as therein mentioned, "plaintiffs shall have judgment in this case forthwith (in the municipal court), placing the plaintiffs therein in possession of the property above described, and removing the defendant from the possession of said property, and that writ of execution for such removal shall issue upon said judgment."

It is apparent that the plaintiffs were quite lenient and patient with the defendant in giving him an opportunity to make the payments mentioned in the stipulation as amended, for they took no steps to obtain the judgment to which they were entitled under the stipulation as amended until March 11, 1932, when they filed in this cause their motion, referring to the stipulation and the amendment thereto on file, and alleging that the defendant had failed to perform the conditions of such stipulation, and prayed that the court enter default against the defendant relative to the requirements of the stipulation which were to be performed by him and for judgment thereon, removing the defendant from the premises, and that plaintiffs be put in immediate possession thereof, and that execution issue against the defendant accordingly. There was a hearing had on said motion in open court, and the evidence conclusively shows that the defendant had failed to make the payments in accordance with the aforesaid stipulation as amended. The

court quite properly made the findings that the plaintiffs and defendant had entered into the aforesaid stipulation "providing for the payment of certain sums of money and performance of certain conditions upon default of which judgment should be entered against defendant removing him from the premises and placing plaintiffs in possession thereof; that defendant has failed to perform the conditions of such stipulation and is now in default with respect thereto"; and "that plaintiffs are entitled to possession of said premises," and rendered judgment removing the defendant from the premises and putting the plaintiffs in possession thereof, and ordered that execution be issued accordingly; also rendered judgment against the defendant for costs. Thereafter, the defendant filed a motion for a new trial, which was overruled. From the final judgment and adverse rulings of the court, the defendant has appealed.

We have hereinbefore already held against the appellant in his contention that the court erred in not transferring the cause to the district court. The appellant argues that he had an answer on file, and was therefore improperly held to be in default. This is his sole contention made at this point. The appellant has a misconception of what was actually done and accomplished by the court. The court did not hold the defendant in default for failure to appear and plead, or for any duty imposed upon him by the statutes of the state, or by the court relative to appearance and pleading; all that the court held was that the appellant was in default relative to the performance by him of his covenants contained in the stipulation as amended. The court found and held that the appellant had failed to make the payments; in other words, that he had defaulted in making the payments. The appellant has not been denied his day in court. He voluntarily entered into the stipulation as amended, thereby consenting that judgment should be entered against him in event of his failure to pay in accordance with the terms of the stipulation as amended. An agreement when filed in open court, duly signed by the parties, becomes part of the record of the case: Vail v. Stone, 13 Iowa 284. The appellant appeared at the time of the hearing upon the aforesaid motion of appellee for judgment. Under the uncontradicted evidence, the appellant had failed to comply with the terms of his stipulation, and therefore, in accordance therewith, the plaintiffs were entitled to the judgment rendered. Full effect must be given to such stipulation. Good faith in carry-

ing out a stipulation made with reference to proceedings in a pending case is essential to the orderly administration of justice.

There is no merit in the contention of the appellant. He is bound by the provisions of the stipulation that judgment should be rendered against him in the event of his failure to pay in accordance with the terms thereof. Appellant's motion to strike a portion of appellees' amendment to the abstract which was ordered submitted with the case has had our attention, and the same is hereby overruled.

The judgment of the trial court is hereby affirmed.—Affirmed.

STEVENS, C. J., and FAVILLE, DE GRAFF, ALBERT, KINDIG, EVANS, and MITCHELL, JJ., concur.