BAILEY ET AL. v. KEYES ET AL.

1. **Evidence:** ADMINISTRATOR: CONTRACT WITH DECEDENT. In an action by administrators to recover rent for property used by defendant during the lifetime of their decedent, in which they testified to the occupation of the property under such circumstances as to raise an implied promise to pay rent, *held*, that it was competent for the defendant to testify as to the agreement between himself and the decedent under which he held the premises.

*Appeal from Delaware District Court.*

WEDNESDAY, OCTOBER 22.

THE plaintiffs, as executors of the estate of Susan W. Coffin, deceased, claim of the defendants seven hundred and fifty dol-

lars for rent of certain premises owned by the deceased, from October 1867 to February 1871. The cause was tried to the court, and judgment was rendered in favor of the plaintiffs for three hundred dollars, against the appellant, Leander Keyes.

*Bronson & LeRoy,* for the appellant.

*Griffin & Crosby,* for the appellees.

DAY, J.—The plaintiffs and the defendant Leander Keyes are sons-in-law of Susan W. Coffin. She died in February, 1871, having willed one fourth of her property to each of her four children, Jerome Coffin, her son, and the wives of plaintiffs and defendant, her daughters. Immediately after the death of Susan W. Coffin, the plaintiffs took out letters of administration. They never filed any inventory of the assets of the estate. In May, 1871, the plaintiffs bought the interests of Jerome Coffin, and of S. C. W. Keyes in the estate, the plaintiff Griffin agreeing to pay the debts of the estate, which have all been paid. At the time of this purchase no account was taken of, nor claim made for, the occupation of the premises in question. On the 30th day of December, 1873, Ray Griffin commenced this action in the name of the plaintiffs to recover of the defendants rent for certain premises owned by the deceased, from October, 1867, to February, 1871. The plaintiff Joel Bailey did not know that the action was commenced until some time in 1877. Joel Bailey testifies that there has been no final discharge of the executors, but that so far as the estate is concerned he supposed it was settled up. Jerome Coffin testifies that there was a full settlement of every account and claim belonging to the estate, and that he has now no interest in the property belonging to the estate. Both of the plaintiffs testified to occupation of the premises in question by the defendants. The defendants testified in substance that S. W. Coffin requested them to occupy the premises so that she could make her home with them, and that, in consideration of her having such home, and of the defendant Leander Keyes looking after and taking care of the property, the defendants were to have the use of the premises

<div style="margin-left:2em; font-size:smaller;">
1. EVIDENCE: administrator: contract with decedent.
</div>

in question free of rent. The plaintiffs objected to the testimony of these witnesses as inadmissible under section 3639 of the Code. The court determined that the objection should be considered and disposed of in deciding the main case. The record does not show whether the court received or rejected this evidence. If the court received and considered this evidence, the judgment is not supported by the evidence, and for that reason should be reversed. It remains only to be considered whether this evidence could properly be rejected. It is provided in section 3639 that the prohibition therein prescribed shall not extend to any transaction or communication as to which any such executor, administrator, etc., shall be examined on his own behalf. Both of the plaintiffs testified to facts from which, in the absence of any opposing testimony, an implied promise to pay rent would be inferred. The testimony of plaintiffs alone, in the absence of any other testimony, would authorize a judgment against the defendants. This testimony of the plaintiffs, as to the occupation of the premises, raising the presumption of an agreement to pay what the premises were worth, opened the way for the defendants to testify as to the real arrangement under which they occupied the premises. This doctrine is a corollary of *Peck v. McKean*, 45 Iowa, 18, and *Smith v. Johnson*, Id., 308.

REVERSED.