Mary C. McDonald, A. W. Young, Appellants, v. W. W. Young and Rosa Parsons.

**Homesteads:** DISTRIBUTIVE SHARE: *Elections.* After decedent's death, his widow remained with her two sons in the house on the lands left by him, the sons at all times controlling the household, all three for a time farming the land in common to pay the indebtedness thereon, after which the widow received rent for one-third interest, paid taxes on such interest, and at all times believed she had such interest, and made a will devising it. *Held,* that she was the owner of such share, her occupancy of the home, coupled with her acts, not having amounted to an election to take homestead rights therein instead of her distributive share.

**Evidence:** TRANSACTIONS WITH DECEDENT: *Proper objections.* Under Code, 1873, section 3639, providing that parties to an action shall not be examined in regard to personal transactions between themselves and any person deceased, it is the witness that is made incompetent and not the testimony, and, on an objection made to evidence as incompetent, the question of competency of the witness cannot be raised.

*Appeal from Wayne District Court.*—Hon. W. H. Tedford, Judge.

Thursday, December 14, 1899.

Action in partition. Defendant W. W. Young claimed sole title to a part of the real estate involved. From a decree in his favor, plaintiffs appeal.—*Affirmed.*

*Miles & Steele* for appellants.

*Freeland & Evans* for appellees.

Waterman, J.—The parties plaintiffs and defendants are children and heirs at law of one Jonathan Young, who died seized of the real estate involved, being nearly four hundred acres. Jonathan Young left a widow surviving him. She has since died, and the controversy here is over the question whether she took a homestead interest in the real estate of her deceased husband, or, at her death, was entitled to her distributive share. Before stating the facts, it will be well to dispose of some objections to evidence. Several questions asked of W. W. Young were objected to as being incompetent, immaterial, and irrelevant. It is argued that the questions called for personal transactions with his deceased mother, and the testimony given in response thereto should have been excluded, under section 3639, Code 1873. The objection, in the form made here, is not sufficient to raise the point presented in argument. The objection of incompetency, without more, goes to the evidence, and not to the witness. The testimony given was competent. It is the witness who is made incompetent to speak, under section 3639, and the objection, to be good, must be made to the witness. *Burdick v. Raymond,* 107 Iowa, 228.

Proceeding, now, to the facts of the case, we find that, after Jonathan Young's death, his widow remained in the house on the farm, which had been her home for many years. With her were her two sons, A. W. Young, the plaintiff, and W. W. Young, the defendant. After a time A. W. Young married, and brought his wife to the house, where they remained some two years. W. W. Young then married, bringing his wife home. The other son and wife left about this time, and took up their residence elsewhere. For some five years thereafter the widow, with W. W. Young and his wife, continued to occupy the dwelling. Dur-

ing the first three years of the occupancy of the mother and the two sons the land was farmed in common, for the purpose of paying the indebtedness of the father's estate. After this the mother was paid and accepted rent for the one-third of the real estate, and she paid taxes on her distributive share. The testimony goes to show that the mother, although continuing to occupy the old home, gave up the charge of it to her two sons at first, and later to William W., she living with them. Shortly before her death, Mrs. Young had a lawyer prepare her will. She told him she owned a one-third interest in the real estate; that she wished to leave it to William (the defendant), subject to certain legacies. A will was drawn accordingly, and duly executed. After the mother's death, the will was probated, and under this instrument William claims the one-third of the real estate. The other parties insist that their mother had only a homestead right, and that nothing passed to William by the will.

Briefly summing up the facts, we find that, while the widow remained upon the homestead after her husband's death, she did not continue in charge either of the household or the land, but yielded this to her two sons at first, and later to William. While she occupied the homestead, she cannot be said to have held possession of it. Every act done by her was indicative of her desire to hold her distributive share, and, save as to her occupancy, against a claim of homestead right. Whatever may be said of the earlier cases, we regard certain propositions as settled by recent decisions of this court: (1) The primary right of a surviving spouse is to the distribuive share; (2) an election is called for when such survivor desires to take a homestead right. *Stephens v. Hay,* 98 Iowa, 38; *Wilcox v. Wilcox,* 89 Iowa, 393; *Egbert v. Egbert,* 85 Iowa, 534. While the survivor may not hold both her distributive share and homestead right, and the continued occupancy of the homestead will, after a time, raise a presumption of election to take the latter, yet such presumption may be rebutted, and in other ways than by the

actual setting apart of the distributive share. *Egbert v. Egbert, supra.* In *Zwick v. Johns,* 89 Iowa, 550, and *Wold v. Berkholtz,* 105 Iowa, 370, the rule of the *Egbert Case,* as we have stated it, is approved. The occupancy in the present case was not long enough continued to bar the widow's claim by limitation, and it was accompanied, as we have said, from the beginning, by acts inconsistent with, and hostile to, a claim of homestead right. The decree of the trial court is in all respects right, and it is AFFIRMED.

GRANGER, J., not sitting.

DEEMER, J. (concurring).—I agree to the conclusion, but do not wish to be understood as approving the rule announced by the majority in *Stephens v. Hay,* 98 Iowa, 38, and other like cases.