### Keene's Extrx. v. Newton.

(Decided June 10, 1921.)

#### Appeal from Washington Circuit Court.

1.  Witnesses—Transactions Between Witness and One Deceased.— Section 606 of the Civil Code provides that no person shall testify for himself concerning any verbal statements or transactions with or any act done or omitted by one who is dead, etc., and this means he may not do so directly or indirectly by giving testimony in his own behalf against the estate that will have a tendency to strengthen or make good his claim or that will leave the impression upon the court or jury that his demand must be reasonable and just.

2. Witnesses—Claim Against Estate of Deceased Person.—Incompetent evidence given by a claimant against the estate of a deceased person is not relieved of its incompetency by the subsequent denial thereof by the personal representative after it has been erroneously admitted over such representative's objections and exceptions.

3. Principal and Agent—Witnesses.—Agency cannot be established by the opinions or conculsions of witnesses.

4. Executors and Administrators—Services.—Proof of the value of claimant's services on his own farm not permissible to prove the value of services alleged to have been rendered decedent.

W. C. McCHORD for appellant.

MARSHALL DUNCAN and JOHN POLIN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

A judgment was rendered upon a verdict in the Washington circuit court in favor of the plaintiff, Newton, against the executrix of H. B. Keene, deceased, for $375 upon a claim for services alleged to have been performed for the decedent at his special instance and request; and the defendant has brought the case here by motion for an appeal.

Plaintiff and decedent had a complete settlement of all accounts between them on March 24, 1919, which was just seventy days before the latter's death.

Over defendant's objections and exceptions plaintiff was permitted to testify as follows:

"At the time of this settlement Mr. Keene was in delicate health; not confined to his bed, but was confined to the house. His condition was such that he could not do any work, or go over or look after his farm. From the 24th day of March, 1919, until the middle of May I went to Mr. Keene's place practically daily and whenever it was necessary; and at frequent intervals did the milking, looking after stock, watering and feeding them; looked after the place and kept the gates shut, and did whatever service Miss Mattie called upon me to perform. Along in April between the middle and latter part of the month I stated to Miss Mattie that I would have to leave and return to my farm; that the cropping season was coming on, and that by reason of my absence from my farm, no preparation had been made by me for making my crops, and that I must make provision for my family; that I was a poor man, and that if I missed my crop it meant something to me. Miss Mattie told me that I must not leave

them; that it was my Christian duty to stay with them and to do whatever they called on me to do; that I would lose nothing by it.''

Much more of the same kind of evidence by plaintiff was likewise admitted; and there is no other evidence that plaintiff rendered any services at the special instance or request of decedent or his sister Miss Mattie, who, it is contended, was acting as decedent's agent.

Subsection 2 of section 606 of the Civil Code, omitting irrelevant parts, provides that:

''No person shall testify for himself concerning any verbal statement of or transaction with or any act done or omitted to be done by one who is dead when the testimony is offered to be given unless . . . (c) the decedent or a representative or some one interested in his estate shall have testified against such a person with reference thereto; or, (d) an agent of the decedent with reference to such act or transaction shall have testified against such person with reference thereto or be living when such person offers to testify with reference thereto.''

The same character of evidence as plaintiff was permitted to give here was held in Northup's Admr. v. Williams, 100 S. W. 1192, to be within the inhibition of the first or unqualified part of the above provisions of the Code, the court saying:

''But this Code provision should not be given a narrow or strained construction to permit persons having claims against the estates of deceased persons to testify with reference thereto. If the language of the Code was strictly confined to statements of actual transactions with, or positive acts done or omitted to be done by, the deceased, and persons in interest were permitted to testify indirectly as to transactions with or acts done or omitted to be done, the reason and purpose of this Code provision would be seriously impaired, if not destroyed. No person will be permitted to give testimony in his behalf against the estate of a deceased person that will have a tendency to strengthen or make good his claim, or that will leave the impression on the court or jury that his demand must be just and reasonable, because in substance and effect this would be testifying, although indirectly, to transactions with and acts done or omitted to be done by the deceased.''

To the same effect are Green v. Teutschmann, 97 S. W. 7; Black v. McCarley's Extr., 126 Ky. 825, 104 S. W. 987; Barnett's Admr. v. Brand, 165 Ky. 616, 177 S. W. 461; Young v. Bank of Sweetwater, 187 Ky. 71, 218 S. W. 463, and many other cases.

It is therefore clear that all of the evidence by which plaintiff made out his case was incompetent and should have been excluded unless relieved of incompetency by the qualifying subdivisions (c) or (d) of the Code provision quoted above. That such is the case is the contention of counsel for plaintiff and evidently was the view under which the court admitted it, but to this we cannot agree.

Subdivision (c) is not applicable because neither the decedent nor his personal representative or any one interested in his estate had testified with reference to the matter which is a condition precedent to the claimant's right to testify; and plaintiff's testimony was not relieved of its incompetency by the fact the personal representative later offered herself as a witness to deny his testimony, erroneously admitted over her objections and exceptions, since by the court's error she was forced to testify whether she desired to do so or not, or else permit plaintiff's incompetent evidence to go to the jury unchallenged. To so construe the provision would defeat its evident purpose and pervert its plain language.

Nor does subdivision (d) apply since there was no competent evidence that decedent's sister, Miss Mattie Keene, was his agent, which only plaintiff attempted to establish by stating his opinion or conclusion with reference thereto. See 2 C. J. 948 and Irvine Development Company v. Clark decided June 2, 1921, by this court.

Plaintiff was also permitted to prove by several witnesses that his services on his own farm during the time of the alleged service for decedent were worth from $10 to $25 a day and the court in passing upon defendant's objections thereto stated to and in the presence of the jury that in determining the value of plaintiff's services to decedent they had the right to consider the value of his services on his own farm. That this was error is self evident since only the value of the services which plaintiff rendered decedent was involved and the value of such services as he might otherwise have been able to perform elsewhere was wholly irrelevant.

Numerous other rulings of the court are complained of which we do not deem it necessary to pass upon since they

are not likely to occur upon another trial with the introduction of evidence controlled as above indicated.

Wherefore an appeal is granted, the judgment reversed and a new trial ordered consistent herewith.