In re Estate of Clemens Scholbrock.

No. 43874.

594

JANUARY 11, 1938.

Goheen & Neuzil, for appellant.

Carl Nystrom, for appellee.

MILLER, J.—On the 17th day of April, 1936, the appellee herein, Herman Scholbrock, as executor of the estate of Clemens Scholbrock, deceased, filed in the office of the clerk of the district court of Winneshiek County his second intermediate report as executor of said estate. In said report said appellee states that on March 16, 1935, his sister, Mary Scholbrock, filed a claim for nursing and care of the decedent in the sum of $728, and likewise on the same date filed a claim for nursing and care of decedent's wife in the sum of $764; and in said report appellee states that he has examined, allowed, and paid said two claims in their full amounts, together with interest. In said second intermediate report, the appellee shows receipt from himself personally of the sum of $300 to apply on rental due from himself for the use of decedent's farm during the farming year of 1935, and states that there still remains a balance due from him as rental for the year 1935 of $240, which amount he proposes to pay from his share as a beneficiary of said estate or from his fees as executor. In said report the appellee likewise reports that an old used bedroom set of decedent came into his possession, which he valued at $10, and that he had purchased same for said amount, subject to the approval of the court, or the objections of any beneficiary.

To this report appellant, William Scholbrock, filed objections alleging in substance: (1) that the services of the claimant, Mary Scholbrock, were not rendered at the instance and request of the decedent, and claiming in connection therewith that decedent did during his lifetime lease his home premises to appellee from March 1, 1931, and continuing for a period of 4 years, under an agreement that an allowance of $300 per year should be deducted from said rental in consideration of said appellee furnishing a home for decedent and his wife, together with such care and attention as was necessary for their comfort and convenience, including the furnishing of meals and the usual necessities of life; (2) that appellee and decedent on or before March 1, 1931, entered into a written lease covering the premises occupied by appellee, and that appellee in said report failed to account for rental due from himself for said premises for the years 1931 to 1934, inclusive, and that appellee is indebted therefor, after crediting himself with allowance for the care and support of decedent and wife, in the net amount of $2165; and (3) that the reasonable value of the personal property of the estate purchased by appellee for the sum of $10 was $75, leaving an unpaid balance due from appellee of $65.

Trial was held before the district court upon said report and objections thereto, and upon the 26th day of June, 1936, the court made an entry overruling the objections to said report and approving the same, except that the sale of the household goods to the appellee was set aside and it was ordered that the $10 payment therefor be returned to the appellee personally, and that he proceed to sell such articles in the regular way as provided by law.

From said ruling of the district court the objector has appealed to this court and claims that the trial court erred in the following three particulars, as follows, to wit: (1) That the court erred in overruling the motion to exclude testimony of the conversation with persons since deceased; (2) that the court erred in allowing the claim of Mary Scholbrock on her unsupported testimony of contract with her mother; and (3) that the court erred in failing to require the executor to account for assets of the estate which were shown to exist, consisting of rentals due and personal property.

█ █ █ It will be noted that appellant in his first claimed assignment of error, claims that the court erred in overruling *his*

*motion* to exclude testimony of a conversation with persons since deceased and in this connection it is to be noted that appellant does not in this assignment of error make complaint of the rulings of the trial court during the trial in overruling objections, but simply claims that the court erred in overruling the motion to exclude this testimony. In connection therewith the record establishes that following the trial the appellant filed a motion to exclude the testimony of the witnesses, Herman Scholbrock and Mary Scholbrock, as to all conversations and transactions between said witnesses and Clemens Scholbrock for every reason urged during the trial, in that said testimony violated the provisions of section 11257 of the Code of Iowa. The record is entirely void of any ruling by the court upon said motion or any attempt or endeavor of appellant to secure a ruling thereon. It has long been the settled law of this state that in order for the appellate court to review any action of the district court that a ruling must be obtained in the district court and an exception taken thereto, or at least a showing of the matter having been called to the attention of the court and a refusal to rule. Grafton v. Delano, 175 Iowa 483, 154 N. W. 1009; Peak v. Mulvaney, 215 Iowa 1400, 245 N. W. 748; McManus v. Chicago G. W. Ry. Co., 156 Iowa 359, 136 N. W. 769; Payne v. Dicus, 88 Iowa 423, 55 N. W. 483. From the record it is apparent that no ruling whatever was made by the district court upon said motion, and that no showing was made of a refusal to rule thereon; and in view of that situation it is therefore impossible for this court to review any action of the district court in reference thereto.

■■■ As has been stated heretofore, the appellant in this claimed assignment of error only complains of the alleged action of the court in overruling said motion and makes no claim of error on the part of the trial court in overruling his objections at the time said objections were interposed during the trial of the action. Regardless of this limited claim upon the part of appellant, we have nevertheless carefully examined the record made during the trial in an attempt to ascertain whether or not the trial court erred in the original instance in overruling said objections. From examination of the record, we find that the appellee and the claimant were both examined relative to conversations and transactions with Clemens Scholbrock and his wife, both of whom are now deceased; to which examination objections were interposed to the competency of the testimony

only. A careful and thorough check of the entire record reveals that no objections were at any time interposed to the competency of the witness or witnesses but only to the competency of the testimony. In connection therewith it should be recalled at this time that in the motion to exclude, the objections are likewise not directed to the competency of the witnesses but to the competency of the testimony only. It has long been established that to prevent testimony being given in accordance with the provisions of section 11257 of the Code, that the objections must be to the competency of the witness and not to the competency of the testimony. In fact the provisions of said statute do not at any place prohibit testimony concerning personal transactions or communications with a person since deceased, but only provide that certain persons shall not be examined as witnesses in regard to any such personal transactions or communications. An analysis of the cases of this court hereinafter cited upon that proposition establishes conclusively that testimony showing transactions or communications with persons since deceased is competent, and that only certain persons are incompetent to testify under the provisions of that statute, and it is likewise well established that an objection interposed to the competency of the testimony only should therefore be overruled. Secor v. Siver, 188 Iowa 1126, 161 N. W. 769, 176 N. W. 981; Feltes v. Tobin, 187 Iowa 11, 171 N. W. 739; McDonald v. Young, 109 Iowa 704, 81 N. W. 155.

We are therefore compelled to reach the conclusion that the trial court was correct in overruling the objections interposed during the trial of said action, and it is unnecessary to determine whether or not the testimony of appellee and claimant would have been improper had objection been interposed to the competency of the witnesses.

■■■ In view of the conclusion that has been heretofore reached, that the action of the trial court in overruling the objections interposed to the testimony of appellee and claimant was correct, the alleged second and third assignments of error cannot be reviewed by this court. Said second and third alleged assignments of error involved questions of fact only, and the entire record herein, including the testimony given by appellee and claimant, furnishes ample support for a finding by the trial court that the claims of Mary Scholbrock were based upon a contract with decedent and his wife, and that the action of ap-

pellee in approving and paying said claims was proper; and such record likewise furnishes ample support for a finding by the trial court that no rentals were owing by the appellee except the balance for the year of 1935 as shown in the report. In view of the fact that such findings of the district court were based upon ample evidence to warrant such findings, the same cannot be reviewed here as this proceeding being in probate is not triable de novo. In re Estate of Manning, 215 Iowa 746, 244 N. W. 860, and cases therein cited.

It follows therefore that the order and judgment of the trial court should be, and it is, affirmed.—Affirmed.

STIGER, C. J., and SAGER, RICHARDS, MITCHELL, DONEGAN, HAMILTON, and KINTZINGER, JJ., concur.