NELLIE ADLER, appellant, v. DORA ABKER et al., appellees.

No. 49973.

(Reported in 103 N.W.2d 761)

June 14, 1960.

Hess, Pendleton & Thompson, of Sioux City, for appellant.

W. A. Dutton, of Sioux City, for appellees.

Per Curiam—Nellie Adler filed petition to quiet title in herself to Lot 10 in Block 1, Smith Villa Heights, an Addition to Sioux City, Iowa, on March 23, 1959. On July 15, 1955, she executed a Warranty Deed to said premises to Joseph Robinson, who since 1954 had resided with her on the premises located at 2010 Allen Street.

On February 6, 1957, the Warranty Deed was recorded in Book 843, page 506, in the office of the County Recorder of Woodbury County.

Plaintiff alleges in her petition that said deed is void for lack of delivery and consideration and defendants answer said allegations by general denial. Joseph Robinson, grantee in said deed, died suddenly on July 23, 1958. Appellant was about 79 years of age and grantee was about 64 years old at the time of his death.

I. The questions on appeal are:

(1) Did appellant overcome the presumption of delivery caused by the execution, acknowledgment and recording of the deed?

(2) Was appellant's testimony showing nondelivery inadmissible because she was incompetent to testify under section 622.4?

II. Appellees contend plaintiff's conduct toward Joseph Robinson during his lifetime belies her statement that the deed is void for lack of delivery; that plaintiff was incompetent as a witness to testify as to any transaction with Joseph Robinson; that the presumption established by recording the deed was substantiated by the subsequent filing for homestead tax credit and for soldier's exemption by Joseph Robinson; that the appellant ratified and acquiesced in the delivery and accepted the benefit of Joseph Robinson's $750 soldier's exemption.

III. Nellie Adler's testimony regarding transactions with Joseph Robinson was objected to by appellees' attorney on the ground that this witness is incompetent under the dead man statute, section 622.4, 1958 Code:

"Transaction with person since deceased. No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, * * * against the * * * administrator, heir-at-law, * * *."

It has been held by this court the proper time to object to this line of testimony is when the witness is sworn. In re Estate of Kempthorne, 188 Iowa 70, 87, 175 N.W. 857.

Nellie Adler was called as a witness on her own behalf.

"Mr. Dutton: If the court please, I would like the record to show that any transactions between the plaintiff and the deceased *will be objected to* on the grounds that this witness is incompetent under the Dead Man Statute."

The objection in this form is subject to the challenge that it merely informs the court that certain evidence *will be objected to*. It must be conceded however that with possibly one exception the objections later made under the dead man statute were adequate.

Mrs. Adler testified regarding the deed: "Q. Now, after signing and executing this deed would you tell the court what you did with it? A. I took it home and put it in the box and

put it in another lockbox and put it in the closet in the dining room and took the key and put it in the dining room sideboard. * * * It was in a small box, a steel box, and I put it in the big suitcase and it was steel, and put it in the closet, up high, and then I took the key and put it in the dining room sideboard and the closet was in the dining room. Q. And when was the next time you recall seeing this deed? A. Why, when the insurance was due on the house, I got the papers and I said to him— Q. Wait. When is the next time you saw the deed? A. In 1958. Q. Before or after the death of Joe Robinson? A. Before. Just before."

The above is substantially all of the testimony of appellant which might be said was offered and received without a good and sufficient objection under the dead man statute. A fair implication may be drawn from the above testimony that the first time she saw the deed after she placed it in the lockbox was when the insurance, which she was about to pay, came due just before the death of Robinson and some months after the deed was recorded.

IV. The recorded instrument placed upon appellant the burden of proving nondelivery by clear and convincing evidence.

In Gibson v. Gibson, 205 Iowa 1285, 1290, 1291, 217 N.W. 852, 855, we said: "The settled rule in this state is that, where a deed is signed, acknowledged, and recorded, it is presumed to have been properly delivered; but, of course, this presumption is rebuttable. Jones v. Betz, 203 Iowa 767; Stiles v. Breed, 151 Iowa 86; Webb v. Webb, 130 Iowa 457; Burch v. Nicholson, 157 Iowa 502; Sederquist v. Peterson, 194 Iowa 1290; Johnson v. Lavene, 196 Iowa 471; Robinson v. Gould, 26 Iowa 89. * * * It is also the established rule in this state that, where the deed has been recorded, the burden is then upon the one attempting to show nondelivery, and the evidence tending to establish the same must be clear and satisfactory. Jones v. Betz, supra; * * *."

The presumption of intent on the part of appellant to deliver the deed, which presumption arises by reason of the execution, acknowledgment and recording of the instrument, is,

we believe, overcome by evidence of circumstances which have peculiar weight in view of the advanced age and infirmities of appellant. She was fifteen years older than Robinson and it was no doubt in the minds of both of them that she would predecease him by several years. She adopted the deed method only to be sure he would get the home after her death. It was not the best way to handle the matter but she adopted it. If she had intended delivery in her lifetime she would have delivered it when the deed was executed and would not have put it away so carefully in her lockbox.

In August 1957 appellant made improvements on her home at a cost of $334.62. This transaction involved the execution of a written contract with the Gerkin Company. Robinson approached a salesman for the company and announced he had a prospective purchaser for some of the company's product and asked a commission for securing the buyer. In this entire transaction, carried out after the recording of the deed, there seems to have been no mention of any change of ownership of the property. All three parties proceeded as though it were understood by all that Mrs. Adler owned the property and she paid the bill. If the delivery of the deed was bona fide it is quite unlikely appellant would have signed the contract although she might have paid the bill. Her signing is surely strong evidence she thought she held the record title and complete ownership. Robinson's asking a commission on a sale to a third party and his quietude about the title which he held tend very strongly to indicate he was keeping the matter of the recording of the instrument from Mrs. Adler. If he wished her to pay for this substantial order for improvement on a property which he owned openly and notoriously the matter would have been handled much differently and he would have signed the contract. He might even have written a check against their joint account. When she signed the contract as owner and paid for the improvement and Robinson was instrumental in having it that way, it practically forces the conclusion that there had been no delivery of the deed.

Appellant testified that after the deed was executed in 1955, she placed it in a lockbox and placed the key in the sideboard

in her home, and that she did not see the deed until in 1958 just before the death of Robinson. This testimony was received without objection.

V.  Appellees attach importance to the fact that Mrs. Adler looked after her own affairs, particularly the payment of her taxes and securing her homestead tax credit in 1956 and prior years and did not file for the homestead tax credit in 1958. The fact that she vacated the property and went to live with a brother of Robinson is urged as a further claim she did not then consider she owned the property. Appellees claim appellant ratified or acquiesced in the delivery of the deed to Robinson.

26A C. J. S., Deeds, section 183: "* * * and, where nondelivery is alleged, the burden of proof is on the one claiming nondelivery." Dyson v. Dyson, 237 Iowa 1285, 25 N.W.2d 259; Jones v. Betz, 203 Iowa 767, 210 N.W. 609, amended 213 N.W. 282; Wagner v. Wagner, 249 Iowa 1310, 1316, 90 N.W.2d 758.

In Huxley v. Liess, 226 Iowa 819, 823, 285 N.W. 216, 218, we said: "While recording, in itself, does not constitute delivery, it is evidence of, and creates a presumption of, delivery. This presumption is rebuttable, but it places upon the appellant the burden of proving nondelivery, and this presumption is so strong and persuasive that only clear and satisfactory evidence will overthrow it."

See also Klein v. Klein, 239 Iowa 40, 29 N.W.2d 163. It appears appellant has met that burden of proof.

From the very nature of the record in this case much must be left to inference and speculation. We have here the case of a widow, now eighty years old, seeking to retain her homestead where she has lived for thirty years. The dead man statute kept her from telling what transactions and communications she had with Robinson with reference to the deed. It seems clear she did not intend to give up her home during her lifetime. If that is true, then she did not intend to make an unconditional delivery. In the instant case we have to believe she intended the delivery to be made after her death. The grantor's continued possession and control of the property and exercise of acts of ownership over it strongly negative delivery. Jeppesen v. Jeppesen, 249

Iowa 702, 88 N.W.2d 633, and cases cited. The advanced age of appellant, her poor memory and her confusion at times must be taken into consideration along with all of the other facts and circumstances shown in the evidence.

█ It is our opinion based on all of the evidence that the appellant did not deliver and did not intend to deliver to Joe Robinson in her lifetime the deed which she so carefully placed under lock and key. The plaintiff should therefore prevail. It was laudable for her to befriend Robinson who had been helpful to her. It was unfortunate she undertook to do it in a way which might defeat her real intention and purpose. We must protect her from the improvident result of her having adopted the wrong implementation to accomplish her purpose. On the record here we cannot take this property from appellant and distribute it among strangers having no claim to it either by payment or relationship.

The cause is remanded for decree quieting title in appellant.—Reversed.