Roger P. **CHRISTENSEN** and Warren Christensen, Appellees,

v.

Agnes **MILLER**, Appellant.

No. 52910.

Supreme Court of Iowa.

July 18, 1968.

Johnson, Burnquist & McCormick, Fort Dodge, for appellant.

Doran, Doran, Doran & Courter, Boone, for appellees.

BECKER, Justice.

Plaintiffs' law action is for real estate commission claimed to have been earned under an oral listing to sell defendant's 160 acre farm. After trial to court, judgment for plaintiffs was returned in the amount of $2040, being three percent of the $68,-000 sale price. We affirm.

Plaintiffs are licensed real estate brokers at Ogden, Iowa. On August 28, 1963, they entered into an oral contract or listing with defendant, Mrs. Agnes Miller, for the purpose of sale of her farm in Boone County. The parties agree there was an oral listing, the terms of which included a minimum price to defendant of $410 per acre after payment of a three percent broker's commission, 10 percent of the purchase price was to be paid down and seller was to pay 1963 taxes payable in 1964.

The dispute as to the terms of this oral listing concerns time of payment of the balance. Plaintiffs testified the agreement was that the balance of the purchase price was to be payable March 1, 1964. Defendant testified the balance of the purchase price was to be paid by December 1, 1963.

The case turns on this point and on interpretation of the offer to buy secured by plaintiffs.

Both parties agree defendant said she might need part or all of the purchase money December 1, 1963 as she was negotiating to purchase another farm nearer their home farm. But plaintiffs insist the listing definitely entailed a March 1 settlement date with balance of payment to be made on that date.

The next day after receiving the oral listing plaintiffs contacted William J. Goodwin, Jr., who owned a farm adjacent to the property being sold. They secured a written offer to buy dated August 29, 1963 from Mr. Goodwin using a form instrument which on its face called for payment of $68,000 for the approximately 160 acres ($425 per acre). Mr. Goodwin's check for $6800 accompanied the offer. The offer and check were delivered to Mrs. Miller the same evening. Defendant does not question the sufficiency of the down payment. On the back of the offer was typed the following paragraph:

"The purchaser agrees to make settlement December 1st, 1963, at the request of the Seller as to the balance of $61,-200.00 discounted $2,040.00 upon delivery of Warranty Deed."

This addendum and the dispute over the required date of settlement form the key issues. Plaintiffs testified they told Mr. Goodwin the seller might desire the balance on December 1, 1963 as she was negotiating for another farm. Mr. Goodwin added the above quoted paragraph when the offer to buy was prepared by him.

Mr. Goodwin, by deposition taken and introduced by plaintiffs, testified he understood settlement was to be made December 1, 1963 but possession would be March 1, 1964; he therefore provided himself with a discount but did not remember exactly how he figured the discount should be $2,040.

Plaintiffs delivered the signed offer and the check to defendant but she failed to ac-

cept it before September 6. It was returned to Mr. Goodwin shortly thereafter. At the time defendant's husband was living and in good health. During negotiations he was injured and died after a very brief illness. This tragedy undoubtedly had some affect on the later proceedings. After the offer was rejected the listing continued until November 1 with plaintiffs looking for other buyers.

Defendant testified the December 1 settlement date was mandatory. She did not understand the discount provision but she knew the offer would not net $410 per acre with a December 1 settlement date.

Mr. Goodwin's relationship with the Millers deserves attention. From Mrs. Miller's testimony it appears the Goodwins and Millers had been friendly for a long time, every time they saw each other they talked about the Goodwins buying this farm. After plaintiff realtors had secured the offer (it is not clear whether this was before or after the offer was rejected) Mr. Goodwin contacted Mrs. Miller and suggested he didn't want to go through the realtors, but Mrs. Miller told him she had given the listing for 30 days and it would have to go through them.

Shortly after Mr. Miller's death Mrs. Miller's brother contacted Mr. Goodwin for her. On December 10, 1963 Mrs. Miller and Mr. Goodwin each executed a new offer to buy. This offer was identical to the August 29th offer except that the reverse side contained no notation concerning an accelerated payment. This contract was subsequently completed and the sale made. Other evidence upon which the court could have based its findings need not be repeated here.

Plaintiffs filed this action contending they had produced a buyer ready, willing and able to meet defendant's terms. Defendant resisted on the grounds the terms called for $410 per acre net on December 1 and this condition was not met.

I. Defendant first argues there is no competent evidence to support plaintiffs' case. The finding of fact in a law action, tried to the court without a jury, has the force of a special verdict. Rule 334, R.C.P. Such findings are binding on us if supported by substantial evidence. Rule 344(f) (1), R.C.P.

In Murphy v. Brown, 252 Iowa 764, 767, 108 N.W.2d 353, 354 we state: "I. It is the general rule in most all jurisdictions that once a broker has procured a person who is able, ready and willing to purchase the property on the terms offered by the owner, the broker is entitled to his commission, even though the failure to complete the contract is due to the default or refusal of the employer." Under the foregoing rules if there is substantial evidence to sustain the trial court's finding we must affirm. We shall not further elaborate on the evidence heretofore set out. There is a clear dispute as to the date defendant was to receive $410 per acre net. While Mr. Goodwin supports defendant in her position that December 1 was the key date, the court did not have to accept the testimony of either of these two witnesses. The terms of the offer appearing on the face of the instrument called for March 1 settlement and are consistent with plaintiffs' testimony.

II. Defendant next argues the offer to purchase did not meet the terms of the listing, was ambiguous, should be construed against plaintiffs and was in fact construed by Mr. Goodwin as necessitating a December 1 settlement which would net less than $410 per acre to defendant.

Given the court's finding that the initial listing called for a March 1 settlement (a conclusion we have already held to be supported by substantial evidence), the paragraph on the reverse of the offer merely provided defendant with an option to accelerate the time of payment at some cost to herself. The terms of the listing were met by the offer.

The trial court so found after hearing all of the proffered extrinsic evidence given in aid of the interpretation of the written instrument. This is permissible even when the contract on its face is free of ambiguity. Rasch v. City of Bloomfield, Iowa, 153 N.W.2d 718.

III. Defendant also assigns error in connection with several evidentiary matters. The first concerns recitation of the conversation that gave birth to the listing. Allusion was made to Mr. Miller's presence. Since he is now dead objection was made on the basis of the "dead man statute" and sustained. Thereafter no evidence was elicited concerning what Mr. Miller said. True, the collective pronoun "they" was used several times. To this there was no objection of record. Mr. Miller was never quoted directly and the witness affirmatively testified the conversation was basically with Mrs. Miller. If error there was, it was not prejudicial.

Defendant also complains of rulings on leading questions, questions calling for opinions as to defendant's state of mind and the court's allowance of rebuttal testimony. We have examined each of these complaints. We doubt the rulings were erroneous but we are additionally satisfied they do not involve material so prejudicial as to substantiate reversal. We therefore do not consider them at length.

For the reasons set forth herein this case is affirmed.

All Justices concur.