Harold William **PITZ**, Appellant,

v.

**CEDAR VALLEY EGG & POULTRY COMPANY and Alfred A. Timmerman, Appellees,**

**Ralph O. Norman, Intervenor.**

No. 55085.

Supreme Court of Iowa.

Jan. 17, 1973.

Nolan, Lucas & Nolan, by John T. Nolan and Michael Bradley, Iowa City, for appellant.

Cahill, Lovelace, Poula & Wimpey, by Jerry L. Lovelace, Iowa City, for appellees.

Joseph Johnston, Iowa City, for intervenor.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES, and HARRIS, JJ.

RAWLINGS, Justice.

Law action for damages, tried to the court, resulted in judgment for intervenor against plaintiff and defendants. Plaintiff alone appeals. We affirm.

The instant accident occurred about 9:30 p. m. June 16, 1969, at or near the T intersection of Highways 218 and 6 in Johnson County. The night was clear, pavement dry and intersection well-lighted.

Highway 6 is a favored or through east-west four lane road. There was a stop sign at the north-west corner of the inter- · section governing southbound traffic emerging from #218.

Plaintiff, Harold William Pitz (Pitz) was operating his automobile in a westerly direction on #6. Alfred A. Timmerman (Timmerman), employed by Cedar Valley Egg & Poultry Company (Cedar Valley), defendants, was operating an employer owned semi-trailer truck south on #218. Timmerman brought his rig to a stop in obedience to the aforesaid sign. Ralph O. Norman (Norman), intervenor, also headed south on #218, stopped behind Timmerman.

Pitz testified he was traveling about 55 miles per hour and when 300 to 500 feet from the intersection saw the Timmerman operated outfit. Testimony by the latter is to the effect he saw the Pitz car approaching when it was approximately 300 feet away, thought there was time to cross #6, emerged from #218 and turned east. Pitz opined he was only 150 feet from the intersection when Timmerman pulled into the favored road and made a left turn. In any event, as Timmerman moved out onto #6 Norman pulled ahead and stopped in obedience to the sign, where he remained.

About the same time Pitz hit his brakes but lost control of the car which served to the right, jumped an island curb, then struck and damaged Norman's motionless vehicle. The latter was of the belief Pitz approached the intersection somewhat in excess of the 65 miles an hour speed limit.

Trial court found Pitz was negligent in (1) failing to keep a proper lookout, (2) failing to have his vehicle under control, and (3) failing to reduce his speed when approaching and traversing an intersection and such was a proximate cause of the accident.

Plaintiff here contends trial court erred in finding any negligence on his part which, concurrently with that of defendant Timmerman, was a proximate cause of the damage to intervenor Norman's truck.

As aforesaid, plaintiff alone appeals. We confine ourselves accordingly.

■ I. Our review is on errors assigned, not de novo.

As stated in Farmers Butter & Dairy Coop. v. Farm Bur. Mut. Ins. Co., 196 N.W.2d 533, 535 (Iowa 1972):

" 'Findings of fact by trial court have the effect of a jury verdict. Furthermore the record will be viewed in that light most favorable to the judgment, and if supported by substantial evidence it will not be disturbed on appeal. This does not, however, exclude inquiry as to whether trial court erred in the admission of evidence or application of erroneous rules of law which materially affected the decision. Rule 344(a)(3), R.C.P.; Christensen v. Miller, Iowa, 160 N.W.2d 509, 511; Hamilton v. Wosepka, [261] Iowa [299], 154 N.W.2d 164, 166; Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 413, 143 N.W.2d 404; and McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130.' See Iowa R.Civ.P. 334."

See also Iowa R.Civ.P. 344(f)(1).

II. Significantly, Pitz does not nor could he effectively contend Norman was in any manner contributorily negligent.

It is evident The Code 1966, Sections 321.285 and 321.288 here come into play. With that in mind we turn to Wilson v. Jefferson Transportation Co., 163 N.W.2d 367, 371 (Iowa 1968), where this court held:

"The section 321.288 statutory duty to reduce speed at intersections is in addition to the general rule set forth in section 321.285 that all motorists must drive at a reasonable and proper rate under the circumstances then existing. * * * The additional duty to slow down at intersections is ordinarily not applicable to motorists on through highways where intersecting traffic has the duty to stop and yield. The general considerations are stated in Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47, 51–52:

" 'The true rule is that the statutory right of way is not a guarantee of safety, but that the driver on the protected road must use reasonable care under the existing circumstances for his own safety and that of others. Likewise, in connection with the duty to keep a proper lookout, we think it is his duty to make reasonable observation of all surrounding circumstances, including intersections and other traffic which may be in fair view on intersecting roads, and to use such care as an ordinarily prudent man would do in the light of everything disclosed by such observations.'

"Paulsen v. Haker, supra, considers the situation where the motorist knows, or should know, the car on the inferior road is not going to afford the right of way. He must exercise reasonable care under such circumstances. The negligence of a driver on the favored road in such circumstances involves lookout, control and speed. But the speed concepts are controlled by the situation developed after the favored driver knows, or should know, the inferior driver is not going to obey the law."

■ There follows a reference to general rights of motorists on through highways as set forth in several Michigan Supreme Court decisions and Blashfield, Automobile Law and Practice. In substance, this is the rule thus enunciated—a motorist on a favored highway is only required to proceed with that care, and with his ve-

hicle under such control, as existing conditions, known or which should be known to him, may require. See generally 8 Am. Jur.2d, Automobiles and Highway Traffic, § 748. This is essentially our holding in Paulsen v. Haker, quoted above, which does not here serve to absolve Pitz.

III. Furthermore, questions of negligence, contributory negligence and proximate cause are generally for the trier of the fact, usually a jury, here the trial court. See Iowa R.Civ.P. 344(f)(10).

And, "Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a jury question is engendered." Iowa R. Civ.P. 344(f)(17).

Repetition of the factual situation presented will serve no useful purpose. We now hold, trial court's judgment for intervenor Ralph O. Norman, against plaintiff Harold William Pitz, is amply supported by substantial evidence, and the foregoing result was not reached by an erroneous application of law.

Costs on appeal are taxed to plaintiff.

Affirmed.