Rose SOLBRACK, Appellee,

v.

Earl F. FOSSELMAN, Executor of the Estate of Bernard T. Kennedy, Deceased, Appellant.

No. 55292.

Supreme Court of Iowa.

Feb. 21, 1973.

Frederick G. White, of Kennedy, Kepford, Kelsen & White, Waterloo, for appellant.

John M. Warren, Waterloo, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant executor appeals from trial court's allowance of plaintiff's claim in probate. We reverse.

Rose Solbrack, claimant, seeks reimbursement from Earl F. Fosselman, estate executor, for domestic services performed on behalf of Bernard T. Kennedy prior to his death.

Errors here urged in support of a reversal are, trial court erred in (1) overruling executor's objections to testimony by and on behalf of claimant in violation of The Code 1966, Section 622.4, (2) failing to sustain executor's motion to dismiss made at close of the evidence and (3) overruling executor's motion to vacate decision.

The basic question presented is whether testimony by claimant and her supportive witnesses was erroneously admitted because of their alleged statutory incompetency.

■ I. Although tried to the court this is a matter in probate triable as a law action. See Code § 633.33; Patterson v. Patterson, 189 N.W.2d 601, 602 (Iowa 1971). That means our review is on errors assigned, not de novo.

And as we said in Pitz v. Cedar Valley Egg & Poultry Co., 203 N.W.2d 548 (Iowa, opinion filed January 17, 1973):

" 'Findings of fact by trial court have the effect of a jury verdict. Furthermore the record will be viewed in that light most favorable to the judgment, and if supported by substantial evidence it will not be disturbed on appeal. This does not, however, exclude inquiry as to whether trial court erred in the admission of evidence or application of erroneous rules of law which materially affected the decision. Rule 334(a)·(3) R. C.P.; Christensen v. Miller, Iowa, 160 N.W.2d 509, 511; Hamilton v. Wosepka, [261] Iowa [299], 154 N.W.2d 164, 166; Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 413, 143 N.W.2d 404; and McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130.' "

II. Code § 622.4, commonly referred to as the "dead man statute" is set forth verbatim in Sisson v. Johnson, 187 N.W.2d 745, 746–747 (Iowa 1971) and need not here be repeated.

Numerous claimant-called witnesses testified as to conversations with Bernard T. Kennedy regarding his plan or proposal to bequeath claimant some amount in addition to that paid her for household labors performed.

To most if not all of this line of questioning the executor's attorney interposed such objections as (1) "calling for a transaction and communication with a person since deceased, with the testimony given by a witness incompetent to give such testimony, under the provisions of Section 622.4 of the Code of Iowa", or (2) "calling for a transaction and communication of a person since deceased, by a party in interest, and in violation of Section 622.4 of the Code of Iowa." Regarding "transactions" or "communications" see generally 58 Am.Jur., Witnesses, §§ 238–239; 97 C.J.S. Witnesses § 215(7)(b). See also Dakoff v. National Bank of Commerce, 254 S.W.2d 550, 553 (Tex.Civ.App.1952).

■ Claimant generally assails timeliness of the executor's objections under our pronouncement in Adler v. Abker, 251 Iowa 915, 917–918, 103 N.W.2d 761 (1960). See also Wagg v. Mickelwait, 165 N.W.2d 829, 832 (Iowa 1969); 1 Wigmore on Evidence, § 18 at 323 (3d ed.); 58 Am.Jur., Witnesses, § 208; 97 C.J.S. Witnesses § 247(a). But see Erwin v. Fillenwarth, 160 Iowa 210, 216, 137 N.W. 502 (1912). That issue is now presented for the first time. Resultantly error, if any, was not preserved. See Peel v. Burk, 197 N.W.2d 617, 619 (Iowa 1972); State v. Evans, 193 N. W.2d 515, 519 (Iowa 1972).

In any event we do not elect to foundation our decision on the tenuous principle enunciated in *Adler*.

With regard to form and adequacy of such objections as are set forth above see In re Estate of Scholbrock, 224 Iowa 593, 596–597, 277 N.W. 5 (1938); Schleuter v.

Reinking, 189 Iowa 452, 457–458, 178 N.W. 337 (1920); Secor v. Siver, 188 Iowa 1126, 1133–1137, 161 N.W. 769 (1917); Erwin v. Fillenwarth, *supra*; Hanrahan v. O'Toole, 139 Iowa 229, 236–237, 117 N.W. 675 (1908); 26 Iowa L.Rev. 207, 208–215; 97 C.J.S. Witnesses § 247(b).

In most instances objections voiced as aforesaid were overruled or sustained. Occasionally, for no apparent reason, ruling was reserved. At close of claimant's evidence in chief, trial court, by blanket order, overruled all objections made on which ruling had not been previously made. Such procedure undoubtedly served to create some needless confusion in the trial of this law action.

III. Next to be considered is the need for repetition of objections in a case such as is now before us.

■ At the outset it is understood that ordinarily, when a timely and proper objection has been distinctly made and overruled it need not be thereafter repeated as to the same class of evidence offered. See State v. Evans, 193 N.W.2d at 518; Stutsman v. Des Moines C.R. Co., 180 Iowa 524, 532, 163 N.W. 580 (1917); Metropolitan N. Bk. v. Commercial S. Bk., 104 Iowa 682, 691–695, 74 N.W. 26 (1898); 1 Wigmore on Evidence, § 18 at 331 (3d ed.); McCormick on Evidence, § 52 at 120 (1954); 22 Iowa L.Rev. 609, 611–617.

■ It must, however, be understood Code § 622.4 is directed against competency of a witness to testify, not against the subject matter of testimony. Consequently an objection urged against such proof is not to the question asked but rather to competency of a witness to answer it. See In re Estate of Scholbrock, 224 Iowa at 597, 277 N.W. at 7; Feltes v. Tobin, 187 Iowa 11, 14, 171 N.W. 739 (1919); Hanrahan v. O'Toole, 139 Iowa at 236, 117 N.W. at 678; cf. Patterson v. Patterson, 189 N. W.2d at 604; Adler v. Abker, 251 Iowa at 917, 103 N.W.2d at 763. See also 19 Iowa L.Rev. at 523–524.

■ Thus the aforesaid "continuing objection" rule does not apply as to witnesses subsequently called against whom a competency objection must be voiced. Stated otherwise, each witness should be considered individually with timely and appropriate objections repeated as to the competency of every questionable person called to testify. See 22 Iowa L.Rev. at 617.

This does not, however, serve to exclude from consideration by a trier of fact the credibility of witnesses or weight of their testimony in a case such as that at hand. See Estate of Thompson v. O'Tool, 175 N.W.2d 598, 601 (Iowa 1970).

IV. Mindful of the principles set forth above we turn now to the testimonial statements elicited from William Michael Kennedy, decedent's son.

■ Over executor's duly interposed objections this claimant-called witness testified, in substance, the father had expressed a desire to change his will to include Rose Solbrack because of all she was doing for him and the family, for which she was not being adequately paid. Briefly stated, trial court erred in overruling objections urged as to competency of this witness. By the same token a reversal is instantly mandated.

William Michael Kennedy testified: "I have an interest in the Estate of Bernard Kennedy. I am an heir. All of the children have the same share of what was left."

It is at once evident this testifying son was not a sole legatee or devisee.

On that subject we have said:

"It is argued on claimant's behalf that even though some of claimant's testimony be held to have been improperly admitted there would still be sufficient of her own and other's testimony to sustain the court's judgment. This reasoning overlooks the holding in our recent case of In re Conner's Estate, [240 Iowa 479,

492], 36 N.W.2d 833, 841. Since there was improperly admitted testimony here bearing on the extent of claimant's services we are compelled to reverse because the proceeding is at law and it must be presumed the trial court considered such testimony. We are not permitted to try the case anew and to separate the properly, from the improperly, admitted testimony." In re Estate of Fili, 241 Iowa 61, 68, 40 N.W.2d 286, 290 (1949).

And as stated in the *Conner* case, cited above:

"On appeal in an action at law tried without a jury where evidence was admitted over objections, it will be presumed the court considered such evidence, and if it is incompetent and the evidence as a whole is conflicting, the judgment will be reversed."

See also 1 Jones on Evidence, Civil Cases, § 253 at 480 (4th ed.); 97 C.J.S. Witnesses § 175.

■■■ V. Since this case must be accordingly reversed and remanded for a new trial we entertain claimant's argument to the effect that the statutory prohibition against any claim supportive testimony was instantly waived by the executor. Substantiatively he refers to executor's replying testimony regarding statements made to him by Mr. Kennedy with reference to his contemplated plan to make some provision for claimant, and executor's introduction in evidence of numerous cancelled checks.

First, In re Estate of Fili, 241 Iowa at 67, 40 N.W.2d at 290, approvingly quotes this from Keene's Ex'x v. Newton, 192 Ky. 6, 9, 232 S.W. 71, 72:

" ' * * * plaintiff's testimony was not relieved of its incompetency by the fact the personal representative later offered herself as a witness to deny his testimony, erroneously admitted over her objections and exceptions, since by the court's error she was forced to testify whether she desired to do so or not, or else permit plaintiff's incompetent evidence to go to the jury unchallenged. To so construe the provision would defeat its evident purpose and pervert its plain language.' "

See Thorne v. Reiser, 245 Iowa 123, 128–129, 60 N.W.2d 784 (1953); Metropolitan N. Bk. v. Commercial S. Bk., 104 Iowa at 693, 74 N.W. at 30. See generally 97 C.J. S. Witnesses §§ 241–242; Annot., 26 A.L. R.2d 1009; cf. In re Estate of Custer, 229 Iowa 1061, 1066–1070, 295 N.W. 848 (1941).

But the foregoing does not alone fully answer the problem before us.

In State v. Hephner, 161 N.W.2d 714, 718 (Iowa 1968), we said: "Rebutting evidence is that which explains, repels, controverts, or disproves evidence produced by the other side." It is generally limited to the meeting of new facts put in evidence by an opponent in reply. See 6 Wigmore on Evidence, § 1873 (3d ed.). See also Karr v. Samuelson, Inc., 176 N.W.2d 204, 211–212 (Iowa 1970); Reeder v. Iowa State Highway Commission, 166 N.W.2d 839, 842–843 (Iowa 1969); McCormick on Evidence, §§ 55, 57 (1954); 29 Am.Jur.2d, Evidence, §§ 250, 269; 88 C.J.S. Trial § 101.

Testifying in reply on behalf of the estate, as aforesaid, defendant executor initially referred to his former attorney-client relationship with Bernard T. Kennedy. He thereafter proceeded to relate a conversation with Mr. Kennedy regarding the latter's life insurance problems. These are in part the questions then put to Mr. Fosselman and his answers:

"Q. What was said in the conversation? A. Well, he said rather than drop the two thousand dollars of insurance, which he didn't think he would be able to afford, he had discussed the matter with his housekeeper and that she had agreed she would work for five dollars a week less if he used that five dol-

lars a week to pay the additional premiums and made her beneficiary on the policy for the two thousand dollars.

"Q. Was any change then made in the policy? A. I told him I didn't think that sounded like a good deal at the time when he first mentioned it. I told him I would check the material he brought to me and see what he had to do. This conversation was in August of 1966. I am not sure the exact date. It was late in the summer."

It is to us evident the foregoing tended to support claimant. Explanatory rebuttal was conceivably in order. To that extent, at least, the above quoted testimony did serve to correspondingly waive any prohibition imposed by § 622.4. See Code § 622.5; 29 Am.Jur.2d, Evidence, §§ 267–268; 97 C.J.S. Witnesses §§ 239–244.

The named witness was also asked: "Did he [Kennedy] state whether or not any agreement had been made or one was being contemplated?" Fosselman answered: "No, there wasn't any definite agreement. It was just a proposal. He didn't want to drop the insurance, but if he couldn't afford to pay for it that he was going to . . . She had offered to work for five dollars a week less if he gave her the two thousand dollar insurance."

To this line of testimony rebuttal evidence by claimant was appropriate, any § 622.4 prohibition being again correlatively waived.

Finally, as to executor's introduction in evidence of the cancelled checks, we turn to this dispositive statement in Connell v. Hays, 255 Iowa 261, 270–271, 122 N.W.2d 341, 347 (1963):

"Chester K. Hays, executor, devisee and heir at law, testified about the series of checks and offered them in evidence in an apparent effort to negative the claimed oral agreement and prove payment. Defendants thereby lifted the prohibition. They opened the door. The trial court properly allowed plaintiff, in rebuttal, to testify these checks were given for utilities. Our conclusion is supported by Bailey v. Keyes, 52 Iowa 90, 2 N.W. 1025; Kauffman v. Logan, 187 Iowa 670, 174 N.W. 366; In re Armstrong's Estate, 191 Iowa 1210, 183 N.W. 386."

Claimant was here also entitled to introduce rebuttal evidence regarding the nature, intent or purpose of the checks placed in evidence by the executor. In other words any § 622.4 prohibition was to that extent waived.

VI. Trial court erred in overruling the executor's new trial motion.

Under existing circumstances we do not reach the remaining assignments of error.

Reversed and remanded for a new trial.