**IN THE COURT OF APPEALS OF IOWA**

No. 16-0009
Filed August 17, 2016

**IN THE MATTER OF THE ESTATE OF**
**VERNA MAE THOLE, Deceased.**

**DANIEL THOLE,**
        Intervenor-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, Margaret L.

Lingreen, Judge.

        Daniel Thole appeals the denial of his claim in probate for property taxes.

**AFFIRMED.**

        Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

        Ron. L. Van Veldhuizen, Oelwein, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Daniel Thole appeals the denial of his claim in probate for property taxes he paid for the estate of his mother Verna Mae Thole (the Estate). Daniel claims the Estate was unjustly enriched by his payment of the property taxes. We affirm the district court.

We incorporate the district court's statement of the factual background:

> Executor Ronald Thole and claimant Daniel Thole are brothers. They are the sons of decedent Verna Mae Thole. At the time of her death, Verna Thole was the sole titleholder to certain real estate located in Fayette County, Iowa. Verna Thole bequeathed her entire estate, in equal shares, to four of her seven children. Ronald Thole, as well as Donald Thole, were among the beneficiaries of Verna's will. Verna Thole's Last Will and Testament explicitly recited her intent that no provision was made for her son, Daniel Thole.
>
> Ronald and Donald Thole, jointly, were granted an option to purchase certain real estate of Verna's. Ronald Thole was also nominated to serve as executor of Verna's estate.
>
> On April 5, 2012, a copy of Verna Thole's Last Will and Testament, as well as Notice of Probate and Appointment of Executor, was mailed to Daniel Thole.
>
> On May 30, 2012, Ronald and Donald Thole, jointly, exercised their option to purchase their mother's real estate.
>
> On Saturday, September 29, 2012, Ronald Thole, as executor, placed a check in the mail addressed to the Fayette County, Iowa, Treasurer, for the purpose of paying real estate taxes. On October 3, 2012, before the Fayette County Treasurer had received the estate's check for payment of taxes, Daniel Thole appeared in the office of the Fayette County Treasurer and paid the real estate taxes assessed on the real estate titled to Verna Thole and the subject of Ronald and Donald's option to purchase. Daniel Thole exchanged no communication with the executor prior to his voluntary payment of the real estate taxes. Daniel Thole was never requested to pay the taxes. Ronald Thole never promised, implied, or inferred Daniel Thole's voluntary payment of taxes would be reimbursed.
>
> Daniel Thole now claims entitlement to reimbursement of the taxes he paid on Verna Thole's real estate in the amount of $5979 plus interest.

On November 2, 2012, Daniel filed a claim in probate seeking reimbursement of $5979 for payment of the property taxes. In August 2015, Ronald filed a notice of a disallowance of claim and Daniel filed a request for a hearing. A hearing was held on October 5, 2015, and the court entered an order denying Daniel's claim. Daniel then filed a motion to enlarge, which was also denied. Daniel now appeals.

A contested claim in probate is triable as a law action. Iowa Code § 633.33 (2011); *In re Estate of Voelker*, 252 N.W.2d 400, 402 (Iowa 1977). Our review is thus for correction of errors, and not de novo. Iowa R. App. P. 6.907; *Solbrack v. Fosselman*, 204 N.W.2d 891, 893 (Iowa 1973).

Daniel claims the district court erred in denying his claim for restitution as the Estate was unjustly enriched by Daniel's payment. Concerning Daniel's claim, the district court reasoned:

> Daniel Thole asserts he is entitled to reimbursement, noting his claim is based upon a contract implied in law based upon quantum meruit or unjust enrichment. He refers the Court to *State Department of Human Resources v. Unisys Corporation*, 637 N.W.2d 142 (Iowa 2001). Executor Ronald Thole denies the claim, referring the Court to the Voluntary Payment Doctrine addressed at Restatement (Third) of Restitution and Unjust Enrichment, Section 6, Comment e and Section 7 (2011). Ronald Thole also refers the Court to the case of *Lindley v. Snell*, 45 N.W. 726, 728 (Iowa 1890). In that case, the Court noted the general rule is that one person cannot make another his debtor by paying his debts without his request for assent.
> Also relevant to the Court is the case *Credit Bureau Enterprises, Inc., v. Pelo*, 608 N.W.2d 20 (Iowa 2000)[, *superseded by statute on other grounds*, Iowa Code section 230.1 (Supp. 1999)]. In that case, the Iowa Supreme Court noted that a person who officiously confers benefit upon another is not entitled to restitution therefor. Recovery is denied so that one will not have to pay for a benefit forced upon one against one's will, or for which one did not request or knowingly accept.

In the instant case, the Court finds Daniel Thole acted officiously in paying real estate taxes owing on decedent's real estate. The benefit of that payment was forced upon the estate.

We agree with the court's reasoning and affirm the denial of Daniel's claim in probate without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**